HALEY COTTON *v.* BOARD OF POLICE OF LEAKE COUNTY.

A claim for supporting a pauper is legally chargeable under the statute upon the county, and the board of police is the tribunal to determine its validity and make the allowance, if found to be a legal charge.

Any person who is entitled to the money may present a claim for supporting a pauper, and petition the board of police for allowance.

The overseer of the poor has not in such cases the exclusive right to petition the court for such allowances.

ON appeal from the circuit court of Leake county; Hon. Robert C. Perry, judge.

Haley Cotton filed his petition in the police court of Leake county, setting forth that Brajilla Ethurton was a citizen of said county, and unable to support herself; that since November, 1845, she has been afflicted to such an extent, that she could do no labor; that she has resided at his house since, and he has clothed and fed her, and furnished her with medicine, &c., and prays the court to allow him the sum of about $12.50 per month for the same for the years 1846, 1847, 1848, 1849, to the 20th of April, 1850, amounting to $587.50. He presented this account on the 17th of May, 1850, to Isam E. Watkins for allowance, as one of the overseers of the poor, who declined to allow it, because he had no commission to act as such. On the same day, the account appears to have been presented to Jno. A. Hanson and H. H. Howard, as overseers of the poor, for approval, and they say and indorse on the account that they, as overseers, are not prepared to act upon the account at that time. The police court, upon petition, refused to allow the account, and dismissed the petition, because they had no jurisdiction of the matter; from which Cotton appealed to the circuit court. The circuit court also dismissed the bill, and Cotton appealed to this court.

*Garrett* and *Singleton* for appellant.

*W. E. Pugh*, for appellee,
Cited Hutch. Co. 296; Ib. 299; Ib. 305.

Mr. Justice FISHER delivered the opinion of the court.

The appellant filed his petition before the board of police of Leake county, asking an allowance of certain claims presented therewith, and appropriation to pay the same, for supporting a pauper during the years 1846, 1847, 1848, and 1849.

The court dismissed the petition for want of jurisdiction; whereupon the appellant prosecuted his appeal to the circuit court, where the judgment of the board was affirmed; and from this last judgment rendered, the cause is brought into this court by appeal.

The only question presented is, whether the board of police could take jurisdiction of the matters alleged in the petition. The justice of the claims can only be judged of by the facts set forth by the petitioner; and taking his statement as true, his case certainly calls for as liberal a construction of the law as its language and object will admit of.

The brief of counsel on behalf of the board of police contains a reference to the several statutes, so far as they relate to the support and maintenance of the indigent poor. The counsel insists that as the funds provided by the county for this purpose must be expended by the overseers of the poor, and as the money is to be drawn on their warrants, the board of police can only know such claims as may be brought before it by these overseers.

It is certainly the duty of these officers to make such contracts as may be necessary for the support of the paupers under their charge, or which ought to be brought within a reasonable time to their notice; and if we were to confine our examination exclusively to the statutes cited by counsel, we would doubtless agree with him in his construction.

These statutes were passed, one in 1807, and the other in 1818; Hutch. Co. 296, 299; and the question is, whether they are to be considered as comprehending all the legislation on the subject.

There are other provisions of the law, which, it is believed, will sustain the petitioner's claim, at least the jurisdiction of the board over it, which is the only point now to be considered.

All charges for supporting paupers are made against the county. It is the duty of the board of police to direct the appropriation of the money which may come into the county treasury. Hutch. Co. 708, § 27.

It is further made the duty of the board, in term time, to audit and allow, on due proof, all accounts and demands legally chargeable upon the county. Ib. 709, § 44.

A claim for supporting a pauper, as we have said, is legally chargeable upon the county; and the board of police is the tribunal to determine its validity, and to make the allowance, if found a legal charge. This brings the case down to the single question, not whether the claim is legally chargeable upon the county, but whether any other person than the overseer of the poor can legally present it to the board for action. We are of opinion that the person entitled to the money may petition the board of police for the proper relief in the premises. The board is only the guardian of the public interest in this respect, and it can perform its duties as well upon the petition of the creditor, as it can upon the petition of the overseer of the poor.

It would have a right to require clear proof, under the circumstances of this case, of the justice of the items of the account.

Judgment reversed; and this court, rendering the judgment which the court below should have rendered, reverse the order of the board of police of Leake county, and remand the cause to said circuit court, with directions to proceed upon said petition, according to its merits and the proof to be introduced.