## G. W. REYNOLDS *v*. BOARD OF SUPERVISORS OF ALCORN COUNTY.

1. PAUPERS.   *Support.   Liability of county.   Poor-house.*
   Compensation cannot be recovered from the county by a person, who, without application to the district supervisor or board of supervisors, supports a pauper, who is a proper subject for public relief and can be removed to the poor-house.

2. SAME.   *Jurisdiction.   Supervisors.   Powers.*
   The board of supervisors has jurisdiction to hear an application for compensation in such a case, and to decide upon it (*Cotton* v. *Board of Police*, 27 Miss. 367) ; and the supervisor of the district or the board may dispose of a pauper, in any case, according to the statute.

APPEAL from the Circuit Court of Alcorn County.

Hon. J. A. GREEN, Judge.

*G. W. Reynolds*, the appellant, *pro se.*

The statute (Code 1880, c. 12) provides for the relief of all paupers, and divides them into such as are required to be supported at the poor-house, and such as cannot be cared for there.   This case falls under Code 1880, § 629, which governs the latter class, and the allowance is authorized in § 626. As the allegations of the petition bring the case within the statute, the demurrer should be overruled.

*M. Green*, on the same side.

A person who maintains a pauper properly chargeable on the county can recover compensation from the board of supervisors.   *Cotton* v. *Board of Police*, 27 Miss. 367.

*W. M. Inge*, for the appellee.

No statute requires the county to pay the board bills of persons who make their own arrangements.   Should this woman apply as a pauper for public support, the supervisors may prefer to contract with another person than the appellant.   If this claim is maintainable, the duties of the supervisors to the poor are superfluous ; for any citizen can decide that persons are paupers, and support them at the cost of the public.   Supervisors cannot be thus deprived of their jurisdiction over county affairs.

CAMPBELL, J., delivered the opinion of the court.

The facts stated in the petition of the appellant for allowance of compensation for taking care of the poor person named in it, if they had been presented to the board to obtain its order to have such person cared for without being sent to the poor-house, might have commended the application to the favorable consideration of the board ; but the fact that for many months the appellant had cared for such person did not create in his favor a legal demand which the board was required to recognize and provide for.    It had jurisdiction to hear and decide on the application, as was held in *Cotton* v. *Board of Police*, 27 Miss. 367, but it was not bound to decide in favor of the application, which was for an allowance not constituting a legal demand against the county.    It is not in accordance with law for demands to be created against a county for the maintenance of persons chargeable on the county for support, in any other mode than that provided by law.    Its provision is that one entitled to support by the county shall be disposed of for relief by the supervisor of the district, in accordance with the statute, or by the board of supervisors, as it sees proper under the law.    A person entitled to be supported is to be received and cared for at the poor-house, on the order of the supervisor, or may be contracted for for support and maintenance by the supervisor, as provided for, or, if " requiring such nursing or attention as is not usually given at a poor-house, may be cared for as the board of supervisors sees proper."    " The board of supervisors may allow, as far as may be deemed right, the claims of persons who have taken care of, fed, clothed, administered to or buried such paupers, as were at the time proper subjects for relief, but could not be removed to the poor-house."    This section was intended to provide for the cases of persons who were " proper subjects for relief, but could not be removed to the poor-house."    It was designed to provide for exceptional cases, and was not intended to impose on the board the duty to allow claims for the relief of persons who should prefer to be maintained without applying for relief to the proper officials, and who could have been removed to the poor-house, but did not wish to be.    One who cares for a poor person, who is a

proper subject for relief by the county, without making application to the supervisor of the district or the board of supervisors, cannot recover from the county compensation therefor, except in the state of case provided for by the section of the code quoted above.

                             *Judgment affirmed.*