Board of Supervisors of Rankin County *v.* A. O. Watson.

Pauper. *Support outside of poor-house. Duty of supervisors.*

> In case of a pauper not in a condition to be removed to the poor-house without cruelty, her condition being made known to the supervisor of the district, who, after long delay, examines into her claims for support, and finds that she is in such condition that she should be cared for where she is, instead of being sent to the poor-house, the board of supervisors should allow to the person who has cared for her proper compensation for her support during the period after notice to the supervisor. *Reynolds* v. *Supervisors*, 59 Miss., 132, distinguished.

From the circuit court of Rankin county.

Hon. A. G. Mayers, Judge.

Louisa Ward, an aged and indigent colored woman, lived on the place of appellee, Watson, for a number of years. Some of her children and grandchildren were laborers on the place, and she lived with them, but was fed from the table of appellee. She was never declared a pauper, but in August, 1891, appellee informed the supervisor of the district of her condition, and endeavored to have provision made by the county for her support. She would not consent to be removed to the poor-house, and nothing was then done. The supervisor did not see her until February, 1892, when he informed appellee that he would be allowed $5 a month from that time for her support. She died February 23, 1892, and appellee presented a claim to the board of supervisors amounting to $48, her board from September 1, 1891, to the date of her death. He also asked an allowance of $6 for her burial expenses. The board made the allowance for the burial expenses, but rejected the balance of the claim. On appeal to the circuit court, the case was tried without a jury, and a judgment was rendered in favor of appellee for the additional sum of $30, being six months' board at $5 per month. The county appeals.

The opinion contains a further statement of the case.

*P. Henry* and *H. S. Cole*, for appellant.

If the claim of appellee is good, any private citizen may decide who are paupers, and support them at the cost of the county.

In order to have a claim against the county, it devolved on appellee to show that the woman was a pauper, and could not be removed to the poor-house. Code 1880, § 626; *Reynolds* v. *Supervisors*, 59 Miss., 132. She simply refused to go to the poor-house, and was not entitled to support during the time of such refusal. It was an after-thought on the part of appellee to demand pay of the county.

*J. L. McCaskill*, for appellee.

The board had jurisdiction, and should have allowed the claim, although the person relieved had not been declared a pauper. Code 1880, § 626; *Cotton* v. *Leake County*, 27 Miss., 367.

It was the duty of the supervisor to promptly examine into the claim for support, and send the woman to the poor-house or provide for her support, she not being in a condition to be removed.

CAMPBELL, C. J., delivered the opinion of the court.

The facts of this case distinguish it from *Reynolds* v. *Supervisors*, 59 Miss., 132. The pauper here was not in a condition to be removed to the poor-house without cruelty, and her condition was made known to the proper supervisor, who failed for months to examine into her claims to support, but finally did, and then found her condition worse than he had expected, and such as to make it proper to have her cared for where she was, for which he arranged.

In this state of case, it was proper for the board of supervisors to allow what was right to the person who had cared for the pauper during the period claimed for. The judgment of the circuit court is in accordance with this view, and it is

*Affirmed.*