BOARD OF SUPERVISORS OF LEE COUNTY *v.* GILBERT & BONNER.

COUNTY. *Liability for services to pauper. Emergency. Code* 1880, § 626.

> Where no steps have been taken to declare one who is indigent and help-
> less a pauper, and, owing to his physical condition, he cannot be removed
> to the poor-house, but requires immediate surgical attention, which is
> bestowed in the emergency, the county is chargeable therefor. Code
> 1880, § 626.

FROM the circuit court of Lee county.

HON. LOCK E. HOUSTON, Judge.

Gilbert & Bonner, partners in the practice of medicine, made application to the board of supervisors of Lee county for an allowance of. $55, as compensation for services in amputating the leg of a pauper. The allowance was refused, and an appeal was taken to the circuit court, where the case was tried by the court without a jury, resulting in a judg-

ment in favor of plaintiffs for the amount claimed, from which the county appeals.

The facts out of which the claim arose are these : In January, 1892, an old negro living in the county was, at that time, and had been for a long while, an object of charity, wholly dependent upon the public, and without relatives to whom he could look for support. He had previously lost one leg, and the remaining leg became badly ulcerated. Being reduced to a condition of great feebleness, he was permitted by the sheriff of the county to occupy one of the lower rooms of the jail. His condition grew worse, and appellees, having been called in, found that it was necessary to amputate the leg, which they did. Their testimony showed that immediate amputation was necessary; that, without it, there was no chance of recovery, and that, with it, the chances were meager. The old man survived the operation only about five days. Meantime, before his death, he was regularly declared a pauper by the board of supervisors. There was testimony that, some time before that, he had refused to go to the poor-house, but, at the time of the operation, and just before, his condition was such that he could not be removed.

Section 626, code 1880, which was in force at the time the services were rendered, is as follows : "The board of supervisors may allow, as far as may be deemed right, the claims of persons who have taken care of, fed, clothed, administered to or buried such paupers as were, at the time, proper subjects for relief, but could not be removed to the poor-house."

*J. L. Finley*, for appellants.

The proof shows that the old man could have been removed to the poor-house, if he had consented to be moved before he fell into the hands of the doctors. The attention of the board of supervisors had not even been called to his condition. The principle contended for by the counsel for appellees will apply wherever able-bodied men meet with accident

or misfortune, and, being unable to pay physicians, have operations of this kind performed. *Reynolds* v. *Alcorn County*, 59 Miss., 132.

*Clayton & Anderson*, for appellees.

Section 626, code 1880, was intended to cover just such exceptional cases as this. See *Jones* v. *DeSoto County*, 60 Miss., 409. *Reynolds* v. *Alcorn County*, 50 *Ib.*, 132, recognizes that the allowance is proper wherever removal to the poor-house is impossible. Both reason and justice demand that the fee of appellees should be paid by the county. That this is a reasonable fee is admitted.

WOODS, J., delivered the opinion of the court.

The record presents one of the rare cases in which a surgeon's bill for services to a pauper is a proper charge against a county. It clearly appears that no steps had been taken by any county officer, or other person, to have the poor old man declared a pauper and removed to the poor-house, in the manner prescribed by law, or in any other manner. His pitiable condition rendered prompt action on the part of the surgeons necessary, and the dangerous state of the limb amputated made it impossible to remove him at the time to the county poor-house, regard being had to his life. Humanity demanded that what was done should be done, and then and there. It was a case of genuine emergency, in which the county should be held answerable for the fee. The fee is indisputably reasonable.

*Affirmed.*