TALLAHATCHIE COUNTY *v.* T. B. HARRISON.

BOARD OF SUPERVISORS. *Pauper. Medical services. Allowance for.* Code 1892, § 3158.

The board of supervisors have no power, under § 3158, code 1892, to allow a physician's claim for medical services rendered by authority of a member of the board to an indigent sick person, when it does not appear that the patient had ever been declared to be a pauper by the board, nor that he desired to be so declared and provided for by the county.

FROM the circuit court of Tallahatchie county.

HON. F. A. MONTGOMERY, Judge.

The opinion states the case.

*Eskridge & Dinkins*, for the appellant.

We do not deny that the charges made by appellee were reasonable, but we submit that the board of supervisors was without power to make the allowance under § 3158, code 1892.

*J. Stone*, for the appellee.

Under § 3158, code 1892, it is discretionary with the board of supervisors whether or not they allow a claim like the one in controversy.

TERRAL, J., delivered the opinion of the court.

Dr. Harrison sued Tallahatchie county for medical services rendered to Jim Simmons, and recovered judgment in the circuit court for $96. It appears from the evidence that Simmons was very poor, had a blind wife and several minor children unable to render any assistance for the support of their parents; that Simmons was very ill, and in indigent circumstances, and that his physicians, thinking they had done enough for him in charity by their previous attention to him, called in Dr. High, a member of the board of supervisors, who, upon examination, declared that he thought Simmons was a pauper, and would die unless attended to, and requested the physicians to attend him, and promised that he would see that the board of supervisors paid the claim. It was admitted that the services were rendered by Dr. Harrison, and that the charges therefor were reasonable. Simmons recovered from his sickness, and there was no evidence that Simmons was ever declared a pauper by the board of supervisors, nor was there any evidence that he desired to be so declared and provided for by the county. Our poor laws are intended for the class of persons mentioned in the statute who apply for support thereunder, and who are found by the board, upon examination, to be entitled to such support, or for persons who, being of the class intended, apply for support, and die before being so adjudicated. That Simmons was indigent, and stood in great need of medical aid, is apparent, but we fail to

see the evidence in the record that would entitle him to the benefits conferred by the statute.

*The judgment is reversed, and the case is remanded for a new trial.*