MARSHALL COUNTY *v.* LOUIS N. RIVERS, USE OF ST. LOUIS & SAN FRANCISCO RAILROAD COMPANY.

[40 South. Rep., 1007.]

1. APPEALS. *Final judgment. Code* 1892, § 32. *County. Board of Supervisors. Code* 1892, § 79. *Code* 1892, § 85.

Under Code 1892, § 32, authorizing an appeal to the supreme court from a final judgment of a circuit court in a civil case:

(*a*) A judgment of the circuit court allowing a claim against a county rendered on appeal, under Code 1892, § 79, from the decision of the board of supervisors disallowing the claim is a final judgment; and

(*b*) A county may, under Code 1892, § 93, appeal to the supreme court from the judgment of the circuit court allowing a claim against it for less than fifty dollars rendered on appeal from the decision of the board of supervisors disallowing the claim; Code 1892, § 85, limiting appeals from the circuit court to the supreme court to cases involving more than said sum applies only to cases originating before justices of the peace.

2. PAUPERS. *Costs of burial. Code* 1892, § § 3145, 3158. *Railroads.*

Neither Code 1892, § 3145, requiring the board of supervisors to bury transient paupers and strangers dying in the county, nor Code 1892, § 3158, authorizing the allowance of claims of persons who have buried paupers by authority of a member of the board of supervisors, imposes liability on the county for the costs of burial of unknown persons killed in a railroad wreck and buried by the sheriff at the request of the railroad company.

FROM the circuit court of Marshall county.
HON. JAMES B. BOOTHE, Judge.

Rivers, the appellee, sheriff of the county, who sued for the use of the St. Louis & San Francisco Railroad Company, was the plaintiff in the court below; the county of Marshall, the appellant, was defendant there. From a judgment for the plaintiff in the sum of $40 and costs the defendant appealed to the supreme court. The opinion states the facts.

*Smith & Totten,* for appellant.

As to appellant's right to appeal this case, we cite the case of *Crump* v. *Colfax,* 52 Miss., 107.

The authority of no member of the board of supervisors was obtained for the expenditures for the burials in this case, though a member of the board was accessible by telephone. Claims allowed by the board must comply with the requirements of sec. 3158 of the code.

Appellee bases its right to recover in this case under sec. 3145 of the code, which is as follows: "And the board shall decently bury all strangers dying in the county."

The words of the statute are used in a restricted sense and means strangers dying from disease or natural causes, not those who are killed in railroad accidents under the facts in this case. If the railroad had the right to compel the county to reimburse it for the expenses of burying these three unfortunate people, under the circumstances in this case, why could it not do so in a case of an accident killing a train load of poor people that was being transported by it through the county? If the county is liable for the burial of these strangers, it would be similarly liable if many such people were killed in similar accidents. Such a construction of the statute was never dreamed of by the framers of the law.

In burying these people Rivers did not do so because they were paupers *per se* and were entitled to burial by the county, but buried them under contract with the railroad, which contract the railroad has carried out by paying the bill, and he has no legal or equitable title to maintain this suit. To hold

that the county is bound to bury all strangers brought into it by railroads and other like transportation companies, and who are killed while being transported through the county, regardless of the liability of the railroad in causing such death, would be placing a very great burden upon the county not contemplated by the law.

*J. W. Buchanan,* for appellee.

As to the right of Marshall county to appeal we submit to the court that it has no such right.   Sections 3145, 3146, Code 1892.

Unquestionably it is the duty of the board of supervisors of the county to pay for the burial of the class of people mentioned in this record.

It was contended below that the member of the district in the county where the parties died was not consulted, hence the rejection of said claim.

The idea seems that these bodies were to be exposed to the ravages of dogs until some member of the board ten miles away could be consulted and an order obtained for the burial.

Under the circumstances it would have been inhuman for those present not to have taken steps to have these bodies buried, and we are surprised that the great county of Marshall should contest a claim of this character.

CALHOON, J., delivered the opinion of the court.

This record is based on the following from the minutes of the board of supervisors:

"STATE OF MISSISSIPPI, MARSHALL COUNTY.

"Before the Board of Supervisors, May Term, 1905.   L. N. Rivers, for the use of the St. Louis & San Francisco Railroad Company, *v.* Marshall County.   Be it remembered that this cause came on to be heard on this a regular term day of the said board upon the account filed by L. N. Rivers, for the use of the said railroad company, viz.:

"*Marshall County, Mississippi, Dr., in Account with L. N. Rivers, for the Use of the St. Louis & S. F. R. R. Co.*

| | | |
|---|---|---|
| April 22, 1904. | 3 coffins @ $7.00 per coffin .................... | $21 00 |
| April 22, 1904. | Digging 3 graves ........................... | 9 00 |
| April 22, 1904. | Preparing 3 bodies for burial ................ | 6 00 |
| April 22, 1904. | Hauling 3 bodies and burying ................ | 4 00 |
| | Total ............................................. | $40 00 |

"The following proceedings were had: Present—Hon. J. R. Mahon, president; R. E. Boswell, L. P. Cochran, H. H. Kirk, Henry Sharp, and Chas. Wright, clerk of the board. L. N. Rivers, being first duly sworn, testified in words and figures to the following effect: 'Rivers was sheriff of this county. He went to the site of the wreck in which these parties were killed; that it was three miles north of Potts Camp; that there he found the three dead bodies of negro tramps who had been stealing rides on the railroad cars, as he was told by the authorities of the railroad company; that they were strangers, with no one to look after their bodies; that the negroes were strangers, without any one to care for their bodies or to bury them, and that they were unknown in this county; that on the statement of the superintendent of the railroad company that he would see to it that he (the sheriff) was paid for having the bodies decently buried if the board of supervisors refused to pay the bill, he buried the bodies, and that he presented his account for this claim, and that it was rejected by the members of the board, and that afterwards he collected the bill from the railroad company; that Kirk was supervisor of that district, and lives ten miles southeast of Potts Camp; that there was a telephone at Cornersville from Potts Camp; that Kirk lived about two miles from Cornersville; that he (Rivers) did not mention the matter to Kirk; that the bill was true and correct in every particular; and further deponent saith not.' And whereupon the said board by motion entered on its minutes an order rejecting the said account, viz.: 'Ordered by the board that the account of the St. Louis & San Francisco Railroad

Company for the amount of $40 for coffins and burying three bodies during the month of April, 1904, be, and the same is hereby, rejected.'   W. H. Sharp voting 'No.'   From which said order said plaintiff prays an appeal to the circuit court, and presents his bill of exceptions and asks that it be made a part of the record, which is accordingly done.   Witness my signature this the 31st day of May, 1905.

"J. R. MAHON,

"*President of the Board.*"

On the appeal the circuit court reversed the board and gave judgment for Rivers. The board cannot make allowance without statutory authority, and whether it had it or not is now to be determined on the law. Suppose the railroad company had buried the bodies without applying to Rivers. If this had been the case, could the railroad company have sued for and recovered the $40? Was the board, in such condition of things, without discretion and bound to pay? We think not. The railway company killed these three people; it might have killed fifty. They were its corpses, certainly, from an ethical standpoint, and if it stuck them away without consulting the board, and without authority from the member who was in instantaneous reach of telephone, it could not assert a legal claim. This is written in full view of the opinion in *Cotton* v. *Leake Co.,* 27 Miss., 367, delivered when the statute did not have in it the words "by the authority of one of the supervisors," and in full view of *Board* v. *Gibert,* 70 Miss., 791 (12 South. Rep., 593), where instant amputation of a limb of a pauper was a necessity. The clauses of the code of 1892 which are germane ·are secs. 3145, 3158.

The right of appeal is clear. Section 32 of the code gives it to "any of the parties" from "any final judgment of a circuit court in a civil case." This is an appeal from the final judgment of a circuit court in a civil case. Section 79 allows appeal from the board of supervisors to the circuit

court for final judgment there. Section 85 simply limits appeals from the circuit court to cases where the amount in controversy exceeds $50 in cases originating in the courts of justices of the peace. There is no such limitation as to boards of supervisors. Section 93 allows the board to appeal from a judgment without bond. The law as to appeals is as broad now as it was in the code of 1880, of which *Crump* v. *Colfax, 52* Miss., 107, was decided.

On the facts it is plain that if Rivers should have been allowed to recover for the use of the company, the company should have been allowed to recover if it had never approached Rivers, but had itself buried the bodies. Decisions examined are *Board* v. *Watson,* 70 Miss., 85 (11 South. Rep., 632) ; *Board* v. *Gilbert,* 70 Miss., 791 (12 South. Rep., 593) ; *Tallahatchie Co.* v. *Harrison,* 75 Miss., 744 (23 South. Rep., 291) ; *Jones* v. *Board,* 60 Miss., 409 ; *Reynolds* v. *Board,* 59 Miss., 132. We need not dissect and apply the reasoning of these cases. It is an unnecessary consumption of time, as we prefer to rest on the facts of the particular case before us.

*Reversed and remanded.*