## HAMLIN COUNTY v. CLARK COUNTY.

1.  A person who had a lawful settlement in the county of C. was severely. injured while temporarily residing in the county of H., and the latter county furnished him medical attendance, nurses, etc., for several months. *Held*, on suit brought to recover for such relief by the county of H. against the county of C , that the county of H. could not recover, in the absence of any provision of the statute authorizing such recovery

2.  Section 2143, Comp. Laws, provides that "every county shall relieve all poor and indigent persons lawfully settled therein, whenever they shall stand in need thereof." *Held*, that under this section no legal duty was imposed upon a county to provide relief or support to one who had a lawful settlement therein while without the county.

3.  Section 2161 provides that it shall be the duty of the overseers of the poor of a county to furnish temporary relief to one who is sick and in distress, and without friends or money, therein, though not an inhabitant of the county. *Held*, that this duty is imposed upon a county, in addition to the legal duty of supporting its own poor and indigent.

4.  *Further held*, that the obligation or duty of a county to relieve and support the poor is purely statutory, and to make a county liable the case must fall within the liability created pursuant to, and in the manner prescribed by, the statute.

5.  *Further held*, there are none of the elements of a contract, express or implied, in a demand for the support or relief of the poor. The liability, if any, originates solely in the positive provisions of the statute.

(Syllabus by the court.   Argued Feb. 14, 1890.   Opinion filed May 12, 1890.)

Appeal from district court, Codington county. Hon. JAMES SPENCER, Judge.

Appeal from order of board of county commissioners disallowing plaintiff's claim for expenses for boarding an indigent person. The order appealed from was reversed and judgment was entered in favor of plaintiff. Defendant appeals. Reversed.

The facts are stated in the opinion.

*William McGann* and *S. B. Van Buskirk*, for appellant.

Only those whom the overseers of the poor determine are poor persons, are entitled to relief under § 2152 Comp. Laws. One or more overseers, acting separately, cannot make such a determination, but they must meet and act as a court or body to so determine. Cantrell v. Clark county, 1 S. W. 200; Clark v. Hale, 4 S. W. 452; Lee County v. Locke, 30 Ark. 769; Sayers v. Springfield, 8 N. J. L. 166; Bay v. Cook, 22 N. J. L. 343; Mansfield v. Sac County, 14 N. W. 73; Thompson v. Schermerhorn, 6 N. Y. 92; Minn. Gas Co. v. Minneapolis, 30 N. W. 450; Jersey City v. Railroad, 2 At. 262; Sloan v. Webster County, 17 N. W. 168; Crocker v. Crane, 21 Wend. 211.

No right of action existed at common law in favor of one municipality against another to recover for relief furnished a

poor person while out of the county of his settlement. Coolidge v. Mahaska County, 24 Ia. 211; Otis v. Stafford, 10 N. H. 352; Aldrich v. Londonderry, 5 Vt. 441; Thetford v. Hubbard, 22 Vt. 440; Medford v. Larned, 16 Mass. 215. If, therefore, plaintiff has any right of action, it is statutory, and it should be confined strictly to the remedy given by the statute. Robinson v. McKinney, 29 N. W. 659; Stevens v. Stevens, 3 N. E. 401; Morgan Township v. Hunt, 4 N. E. 299; Barrett v. Bank, 98 U. S. 555. The remedy is prescribed in § 2153, Comp. Laws. This is to ascertain the place of the indigent's legal settlement and obtain the necessary order for his removal to that county.

*J. P. Cheever* and *W. S. Glass*, for respondent.

It was not necessary for the overseers of the poor, as a body, to judicially determine that the person assisted was a pauper, to entitle respondent to relief. Downing v. Rugar, 21 Wend. 178. Their duty was purely ministerial. Powell *et al* v. Tuttle *et al*, 3 N. Y. 396; Howard County v. Jennings, 3 N. E. 619; Washburn v. Shelby County, 3 N. E. 757. The respondent is entitled to recover. §§ 2143, 2161, Compiled Laws; Perry County v. DuQuoin, 99 Ill. 479.

CORSON, P. J. The defendant and appellant appeals from a judgment rendered against it and in favor of plaintiff, reversing a decision of the board of county commissioners of Clark county, disallowing plaintiff's claim for the expenses incurred by the plaintiff for relief furnished one Luther, who had a legal settlement in defendant county. The facts as found by the referee, to whom the case was referred, are in substance as follows: That on the 13th day of December, 1884, one Charles Luther, a resident of Clark county, and then temporarily residing in Hamlin county, fell from the roof of a building upon which he was at work, breaking his leg, and receiving other injuries; that on the day following complaint was made to O. C. Swift, chairman of the board of county commissioners of Hamlin county, that said Luther was lying in said county sick and in distress, without friends or money, and that he was not a resident of said county; that said Swift examined said case,

and found the complaint to be true, and granted, as such chairman, such temporary relief as the nature of the case required; that said Luther was a poor person, virtually without money and absolutely without friends; that said Hamlin county caused necessary surgical and medical aid and attendance, and also nurses, clothing, and board, to be furnished him to the amount of $680.53, and that the relief so furnished him was reasonably worth that sum, and that the same was allowed and paid by said Hamlin county; that such relief was furnished said Luther until March 31, 1885, when he was removed to said Clark county by said Hamlin county, and that said removal of said Luther was made as soon as it was safe to his health and life to do so; that soon after the injury to Luther notice was given by said Hamlin county to said Clark county of his condition, and that relief was being furnished him by said Hamlin county, and that he had a legal settlement in said Clark county; that said Clark county made no provision for said Luther while he was so being relieved by said Hamlin county, and refused to remove him, and that no order for his removal, as provided by the Compiled Laws, was at any time applied for or obtained by the overseers of the poor of said Hamlin county. The findings of fact, reported by the referee, were adopted by the court, and upon them the court stated as its conclusions of law that the defendant was liable to the plaintiff for the amount so expended in the temporary relief of said Luther, and entered judgment for plaintiff as before stated.

The appellant has assigned numerous errors, but the view we take of the case only renders it necessary to consider one, and that is as follows: "The court erred in giving judgment against the defendant in this action, for that, even though all the findings of fact are true, the plaintiff is not entitled to judg- ment herein." The question, therefore, presented for our determination is, is Clark county legally liable, for the relief so furnished to the man Luther, to Hamlin county, in the absence of any express provision of the Compiled Laws creating such liability? It is contended by the learned counsel for appellant that no right of action existed at common law, by one munici-

pality against another to recover for temporary or other relief furnished a poor person while out of the county of his settlement, and that, as no remedy is given by our Compiled Laws in such a case except that provided in Section 2153, no right of recovery exists. It is urged on the part of the learned counsel for the respondent that, though our statute has not in terms provided for the repayment of expenses so incurred, it has made it the legal duty of the county "to relieve and support all poor and indigent persons lawfully settled therein," and that, consequently there is an implied promise on the part of a county to reimburse another county for the expenses incurred in furnishing temporary relief to a person who has a legal settlement in the former county. The Sections of the Compiled Laws bearing upon this question are as follows:   § 2143 provides:   "Every county shall relieve and support all poor and indigent persons lawfully settled therein whenever they shall stand in need thereof." Section 2152 provides: "Whenever any person entitled to temporary relief as a pauper shall be in any county in which he or she has not a legal settlement, the overseers of the poor thereof may, if the same is deemed advisable, grant such relief by placing him or her temporarily in the poor-house of such county, if there be one; but if there be no poor-house, then they shall provide the same relief as is customary in cases where a legal settlement has been obtained." Section 2153 provides: "Upon complaint of any overseer of the poor any justice of the peace may issue his warrant, directed to and to be executed by any constable, or by any other person therein designated, to cause any poor person found in the county of such overseers, likely to become a public charge, and having no legal settlement therein, to be sent and charged at the expense of the county to the place where such person belongs, if the same can be conveniently done; but, if he or she can not be removed, such person shall be relieved by said overseers whenever such relief is needed." Section 2161 provides:   "It shall be the duty of the overseers of the poor, on complaint made to them that any person not an inhabitant of their county is lying sick therein, or in distress, without friends or money, so that he or she is likely

to suffer, to examine into the case of such person, and grant such temporary relief as the nature of the same may require; and if any person shall die within any county, who shall not have money or means necessary to defray his or her funeral expenses, it shall be the duty of the overseers of the poor of such county to employ some person to provide for and superintend the burial of such deceased person; and the necessary and reasonable expenses thereof shall be paid by the county treasurer upon the order of such overseers."

It will be observed from an examination of these sections that it is made the duty of the county—*first*, to relieve and support all poor and indigent persons lawfully settled therein; *second*, to relieve, temporarily, poor and indigent persons, not lawfully settled therein, but who stand in need of aid therein; *third*, to grant temporary relief to persons not inhabitants of the county, lying sick or in distress therein, without friends or money; and, *fourth*, that authority is given the county to remove, on proper proceedings taken, poor and indigent persons, liable to become a public charge, to the county in which such persons have a legal settlement. It will be further observed that in the sections cited, except Section 2161, "poor" or "poor and indigent" persons are referred to, while in the latter section the words "any person" are used as designating the persons entitled to temporary relief under that section. This latter section, therefore, seems to contemplate that persons who are not in the class designated as "poor and indigent" persons may, from accident, sickness, or other misfortune, require temporary relief in a county of which such persons may not be inhabitants. It is quite clear from the findings of the referee in this case that the man Luther was within this class, and that the temporary relief furnished him was under the provisions of the latter section. The legal duty imposed upon a county to grant temporary relief to such persons, as are designated in Section 2161, is quite as obligatory upon the county as the duty imposed of relieving all poor and indigent persons lawfully settled therein. The duty, in either case, is imposed in positive terms. The legal duty of a county to relieve and support the

poor and indigent lawfully settled therein seems to be limited
to the poor and indigent within the county, there being no pro-
visions in the law requiring a county to provide for its poor
outside of the county; and a county, neither upon notice or
otherwise, is required to remove a person having a legal settle-
ment therein from a county where he is, or is liable to become,
a public charge, but such duty of removal is imposed upon the
county in which such person may be.   In our opinion the legal
duty to furnish temporary relief to a person sick or in distress,
and without friends or money, is imposed upon the county, in
addition to the duty of providing relief and support for its own
poor and indigent, and is placed as an additional burden upon
such county.   This is quite apparent from the fact that no pro-
vision is made for reimbursing a county for the relief so fur-
nished, and that no provision is made for any notice to be given
to the county in which such person has a legal settlement.
That this is the proper construction of our statute is confirmed
by the further fact that in adopting a system of poor laws our
legislature has followed substantially the system in force in the
State of Indiana, in which no provisions are made for reimburs-
ing municipalities for the expenses incurred for relief furnished
in cases like the one at bar, in preference to the system in force
in many of the states, where provisions are made for such reim-
bursement, and the method of proceedings to enforce the rem-
edy are fully and specifically pointed out.   If we are correct in
our construction of the statute, Hamlin county has furnished
no relief to the man Luther which it was the legal duty of Clark
county to have furnished.   It has only furnished the relief le-
gally imposed upon it, to furnish to one lying sick and in dis-
tress, without friends or money, therein, though not an inhab-
itant of that county.   The obligation or duty of a county to re-
lieve and support the poor and indigent is purely statutory, and
to make a county liable the case must fall within the liability
created pursuant to and in the manner prescribed by the statute.
Coolidge v. Mahaska Co., 24 Iowa, 211; Mitchell v. Cornville,
12 Mass. 333; Miller v. Somerset, 14 Mass. 396; Kellogg v. St.
George, 28 Me. 255; Ives v. Wallingford, 8 Vt. 224.   There are

none of the elements of a contract, express or implied, in a demand for the support or relief of the poor. The liability, if any, originates solely in the positive provisions of the statute. City of Augusta v. Chelsea, 47 Me. 367. The duty of supporting the poor, aiding poor people, or those temporarily requiring assistance, may be imposed by the legislature upon counties or towns in such manner as it may deem expedient. There is no question of moral obligation involved, nor any question of absolute right as between the counties. It is simply a question of public policy, and, being such, is entirely within the control of the legislature. We are therefore of the opinion that the judgment in this case should be reversed. Judgment reversed, with instructions to the court below to conform its conclusions of law to the views expressed in this opinion, and to render judgment on the findings in favor of the defendant. All the judges concurring, except BENNETT, J., who did not sit in this case, nor take any part in the decision.