St. Luke's Hospital Association *vs.* Grand Forks County.

Opinion filed December 8, 1898.

**Supplies Furnished Pauper—Liability of County.**

> To entitle one to recover from a county for services or supplies furnished to a pauper to whom such county owes the duty of support and care under the statute, it must appear that the services rendered and relief given were in pursuance of an authorization proceeding from some one having authority to bind the county.

Appeal from District Court, Grand Forks County; *Fisk,* J.

Action by St. Luke's Hospital Association against Grand Forks County. From a judgment sustaining a demurrer to the complaint, plaintiff appeals.

Affirmed.

*J. A. Sorley,* for appellant.

*J. G. Hamilton,* for respondent.

Young, J. The District Court sustained a demurrer to the complaint in this action, interposed upon the ground that the complaint did not state facts sufficient to constitute a cause of action. The correctness of that order is challenged in this appeal. The plaintiff, a corporation, conducting a hospital at Grand Forks, sued the defendant county to recover for care, nursing, board, and lodging furnished by it in 1897 in its hospital, to an alleged pauper. It is needless to set out the particular allegations of the complaint. For the purpose of this decision, it may be conceded that the complaint shows that the support was given as alleged, and to one to whom, under the statutes, the defendant county owed the duty of extending relief. It does not state, however, that such relief was extended at the instance or request of any one having authority to bind the county. On the other hand, it shows affirmatively that authorization was refused on behalf of the county. Under these facts, the complaint fails to set out a legal liability.. Counties owe no other duties to the poor, and incur no other liabilities for their support, than those imposed by statute. This was expressed in *Hamlin Co.* v. *Clark Co.,* 1 S. D. 131, 45 N. W. Rep. 329, in the following language: "The obligation or duty of a county to relieve and support the poor and indigent is purely statutory, and, to make a county liable, the case must fall within the liability created pursuant to and in the manner prescribed by the statute." In *Moon* v. *Board,* 97 Ind. 176, that Court said: "A claim against a county for services can exist only where there is a contract, or where there is a statute providing and directing compensation. No person can voluntarily perform service for a county, and demand compensation, except in cases provided by statute, and one who demands compensation for

services rendered to a county must show a contract made under due authority of law with the proper officers, or else show a statute making provision for such services. It must also be made to appear in cases where a contract is relied upon that the contract was within the scope of the authority of the officers or agents who assumed to make it." Numerous cases, similar to the one at bar, have arisen wherein persons have sought to recover for relief furnished either to paupers or those to whom the county owed the duty of giving relief. Uniformly, recovery has been denied. *Kellogg v. Inhabitants of St. George,* 28 Me. 255; *Proprietors of Twp. No. 6 v. Jones,* 12 Mass. 334; *Miller v. Inhabitants of Somerset,* 14 Mass. 396; *Hamilton Co. v. Meyers* (Neb.) 37 N. W. Rep. 623; *Roberts v. Commissioners,* 10 Kan. 33; *Board v. Plaut,* 42 Ill. 324; *Gage Co. v. Fulton* (Neb.) 19 N. W. Rep. 781; *Hendricks v. Board* (Kan. Sup.) 11 Pac. Rep. 450; *Mansfield v. Sac Co.* (Iowa) 14 N. W. Rep. 73; *Bentley v. Board,* 25 Minn. 259; *Board v. Weeldon,* 15 Ind. 147. The state of Wisconsin seems to have departed from the weight of authority in *Mappes v. Iowa Co.* (Wis.) 1 N. W. Rep. 359, and *Davis v. Town of Scott* (Wis.) 18 N. W. Rep. 530; but that Court, in *McCaffrey v. Town of Shields* (Wis.) 12 N. W. Rep. 54, held that a county was not liable to one who without authorization furnished supplies to a pauper; and later, in *Beach v. Town of Neenah* (Wis.) 64 N. W. Rep. 319, Cassody, J., who wrote the opinion in *Davis v. Town of Scott,* supra, in permitting a recovery based upon an implied agreement with the supervisors arising from their knowledge of and consent to the rendition of the services to the pauper, by the party seeking to recover, cited the preceding Wisconsin cases as expressly upholding that view. Some states, notably Maine, have extended the method of giving relief to paupers, by expressly providing that, when public officials shall fail or neglect to do their duty, any person may, after giving due notice, render assistance, and the county shall be liable. The legislation of North Dakota does not go to that extent. Article 1, c. 22, Rev. Codes, provides the persons to whom, the officers by whom, and the manner in which, the county extends its bounty to the poor. It does not include authority to those who are not therein charged with that duty, to determine who are paupers, and to furnish them succor at the expense of the county.

Other interesting points are discussed in the briefs of counsel, but that already disposed of is so fatal to the cause of action that their consideration would be without benefit. It being necessary, then, to render a county liable as a debtor for aid furnished to a pauper, either that there be a statute authorizing any person to give it at the expense of the county, or that it was extended pursuant to the request of some one having authority to act, it is plain that, in the absence of both, the complaint did not state a cause of action. The order sustaining the demurrer is affirmed. All concur.