ROANE, Respondent, v. HUTCHINSON COUNTY, Appellant.

(167 N. W. 168.)

(File No. 4233.   Opinion filed April 2, 1918.)

1.  **Paupers—Relief of—Voluntary Medical Services, Liability of County For—Non-statutory Liability—Statute, Absence of**

    The obligation of a county to furnish care and relief for poor and indigent persons found within such county is purely statutory; and there is no statute law in this state authorizing payment by county for services voluntarily rendered by any one in caring for such poor, in absence of express or implied contract made as provided by law with proper county officers, obligating county to pay therefor.

2.  **Paupers—Injury to in Freight Car Accident—Liability of Adjoining County for Medical Services to—Statutory Liability—Complaint, Sufficiency.**

    A complaint against a county, by one claiming to have performed medical services to various indigent persons injured in a freight car accident in an adjoining county, and who, without authority of officers of defendant county, were placed in a hospital therein, there being no allegation that such persons were lawfully settled therein at time of injury, or

that board of overseers of said county were notified or failed to render assistance to said persons, or that such notice was given to, or that overseers of county wherein the accident occurred had an opportunity to make examination into the case or grant relief under the statute, or that they authorized removal of persons to the other county, fails to state a cause of action for recovery for such medical services; construing Pol. Code, Sec. 2761, providing that county commissioners as overseers of poor shall perform duties relative to the poor as prescribed by law; Sec. 2763, providing that counties shall relieve and support all poor and indigent persons lawfuly settled in the county; upon which two sections is based the legal duty of county to support and care for such poor, etc., and not to be performed otherwise than by such overseers; that Sec. 2763 is not applicable to the persons mentioned in complaint; that, in absence of statute prescribing, no duty is upon a county to care for noninhabitant poor; that, under Sec. 2781, Pol. Code, as amended by Laws 1915, Ch. 256, making it duty of overseers, on complaint that any person noninhabitant of county is lying sick therein or in distress, to examine into case and grant such "temporary relief" as nature of same may require, the county's liability to pay for such services is dependent upon an examination and granting such relief by overseers; that we have no urgent statute for exceptional cases, or cases where public officers fail to act.

3. **Paupers—County Liability for Care of Indigent Sick—Sickness Contracted in Other County, Removal Therefrom, Immateriality—Statute.**

Under Pol. Code, Sec. 2781, as amended by Laws 1915, Ch. 256, Sec. 2, imposing upon overseers of poor duty of examining into case of non-resident indigent persons lying sick or in distress in the county, etc., it is immaterial from whence such injured person came, or in what county he contracted sickness, unless posibly to ascertain county of his legal residence; and the fact that they were injured in a freight train accident in another county to which they were strangers, and were removed therefrom to another county for medical attention, would not render the county wherein the accident occurred liable on ground of statutory duty, in absence of action on part of its overseers authorizing or assenting to such removal to and care of them in the other county.

4. **Paupers—Relief of Indigent Sick—Statute, Limited to Temporary Relief.**

Pol. Code, Sec. 2781, as amended by Laws 1916, Ch. 256, Sec. 2, concerning duty of county overseers of poor to examine into and grant "such temporary relief as the nature of the same may require," to non-resident indigent sick lying sick

therein or in distress, etc., authorizes only temporary relief to such persons, upon complaint made to the overseers. **Held,** further, that for relief voluntarily furnished by some one else, but which might have been furnished by overseers, such county is not liable.

Whiting, P. J., and Gates, J., concurring specially.

Appeal from Circuit Court, Hutchinson County. Hon. ROBERT B. TRIPP, Judge.

Action by James Roane, against Hutchinson County, to recover for medical services performed in relief of certain indigent sick. From an order overruling a demurrer to the complaint, defendant appeals. Reversed and remanded.

*W. H. Glynn,* for Appellant.

*French, Orvis & French,* for Respondent.

(1) To point one of the opinion, Appellant cited: Moon v. Board, 97 Ind. 176; Hamlin County v. Clark County, 1 S. D. 131, 43 N. W. 329; Miller v. Somerset, 14 Mass. 396; Kittredge v. Newbury, 14 Mass. 448.

(2) To point two of the opinion, Appellant cited: Hamlin County v. Clark County, 1 S. D. 131, 43 N. W. 329; St. Lukes Hospital Ass'n v. Grand Forks County (N. D.) 77 N. W. 598.

Respondent cited: Pol. Code, Sec. 2781; Hamlin County v. Clark County, 1, S. D., 131; Supervisors of La Salle County v. Reynolds, 49 Ill. 186.

(4) To point four of the opinion, Respondent cited: Newcomer v. Jefferson Township, (Ind.) 103 N. E. 843.

McCOY, J. The allegations contained in plaintiff's complaint show that on the 23d day of July, 1916, a freight train of the Chicago, Milwaukee & St. Paul Railway Company was wrecked in Hutchinson county, and that a large number of men riding on the top of the cars were seriously injured as the result of said wreck; that each of the said 28 of said injured persons, at the time of said injury, was, and ever since has been, without property and wholly insolvent, and that nothing whatever could or can be collected from either of them; that the physical injuries so received by each of said persons were of such a character that prompt medical and surgical attention was necessary; that each of said persons was on the same day of said wreck conveyed to a hospital at the city of Yankton, in Yankton county, this state, and plaintiff was called upon to professionally treat and

care for each of said persons at said hospital; that plaintiff rendered surgical attention to each of said injured persons at said hospital aggregating the sum of $796; and that on the day of said accident one of the county commissioners of Hutchinson county was informed of said accident and that said county would be expected to pay the expense and care of said injured persons; that prior to the beginning of this action plaintiff made an itemized statement and claim for the amount of said professional services performed for and on account of said injured persons, duly verified, and presented the same to the board of county commissioners of said Hutchinson county; and that said claim was rejected by said board, which refused to allow the same or any part thereof. To which complaint defendant county interposed a general demurrer on the ground that the same does not state facts sufficient to constitute a cause of action. From an order overruling said demurrer the defendant appeals.

[1] It is the contention of appellant that the obligation of a county to furnish care and relief for poor and indigent persons found within such county is purely statutory, and that there is no statute law in this state authorizing the payment by the county for services voluntarily rendered by any one in caring for such poor in the absence of an express or implied contract made, in the manner provided by law, with the proper county officers binding and obligating the county to pay for such services. We are of the opinion and so hold, that the appellant is right in this contention.

[2] Section 2761, Pol. Code, provides that the county commissioners of the several counties of the state shall be the overseers of the poor within the several counties, and shall perform all the duties with reference to the poor, within the respective counties, that may be prescribed by law. As must be observed, this section of the statute excludes any and all persons, other than county commissioners, from performing the duties of a county with reference to the poor. Section 2763, Pol. Code, provides that every county shall relieve and support all poor and indigent persons, lawfully settled therein, whenever they stand in need thereof. This section, in connection with said section 2761, fixes and casts upon the county the legal duty and obligation of supporting and caring for the poor lawfully settled in such county,

such duty to be carried out and performed only by the county commissioners acting as overseers of the poor. It will be observed that the complaint in question does not allege that the said injured persons were lawfully settled in Hutchinson county at the time they were injured therein; but from the allegations it appears that these injured parties, on the 23d day of July, 1916, were riding on the tops of freight cars composing the freight train incidentally passing through said county. From common knowledge and observation it may be inferred that such persons were not then lawfully settled in Hutchinson county, nor inhabitants thereof, and that the duty of the county fixed by statute found in section 2763 is not applicable to said injured persons, or poor of this class; and we must look elsewhere in the statute to ascertain the statutory duty of the county in relation to caring for poor who are at the time not inhabitants of such county. There can be no duty resting upon the county to care for noninhabitant poor unless prescribed by statute. Hamlin County v. Clark County, 1 S. D. 131, 45 N. W. 329. The only provision of our statute in relation to the care of the poor who are not inhabitants of the county is found in section 2781, Pol. Code, as amended by chapter 256, Laws of 1915, which provides as follows:

"It shall be the duty of the overseers of the poor, on complaint made to them that any person not an inhabitant of their county is lying sick therein or in distress, * * * to examine into the case of such person and grant such temporary relief as the nature of the same may require."

It must be observed from a reading of this section of the statute that the only authority conferred upon any one to act for the county in making examination and caring for and granting temporary relief to persons sick or in distress, found in such county, but who are not then inhabitants thereof, is placed in the hands of the overseers of the poor. The respondent's right to recovery must stand or fall under the provisions of this section of the statute. The liability of the county to pay for services rendered in granting relief to such sick and distressed persons is dependent upon an examination and granting such relief by the overseers of the poor. There does not appear to be any provision in this statute for exceptional urgent cases, or cases where the public officers failed to act, as in Maine, where it is expressly pro-

vided by statute that when officials fail to do their duty, any person may, after giving due notice, render assistance, and the county shall be liable therefor. We have no such statute; besides, there is no showing in this case that the board of overseers of Hutchinson county was ever notified or failed to render assistance to the injured persons in question. The allegation of the complaint is that one of the county commissioners of Hutchinson county was informed that the accident had occurred and that his county would be expected to pay the expenses incurred in caring for said persons. There is no showing that this notice was given at a time when said injured persons were in Hutchinson county, or that the overseers of that county failed to perform their duties of making examination and granting relief. There is no showing that the commissioners of Hutchinson county were ever given or had any opportunity to make tre examination or grant relief to said injured persons or to perform their duties with reference to said injured poor, as provided for by the statute. Also, it will be observed that the said injured persons were actually lying sick and in distress in Yankton county at the time respondent was called upon to care for them. It nowhere appears that the officials of Hutchinson county in any manner authorized or caused the said injured persons to be removed to Yankton.

[3]   We are of the view that, when a poor person is found to be lying sick and in distress in any particular county, for the purposes of granting temporary relief to him under section 2781 of the statute it is wholly immaterial from whence such injured person came or in what other county he may have contracted his sickness, unless possibly it might be material to ascertain the county of his legal residence. The fact that a train in passing through Hutchinson county accidentally left the track, thereby causing injury to indigent persons who were strangers to Hutchinson county, and who were immediately removed to Yankton county for medical attention, would not render Hutchinson county liable on the ground of statutory duty, in the absence of some action on the part of the board of county commissioners of Hutchinson county authorizing or assenting to such removal and care in Yankton county. Cerro Gordo Co. v. Boone Co., 152 Iowa, 692, 133 N. W. 132, 39 L. R. A. (N. S.) 161, Ann. Cas. 1913C, 79. If the overseers of the poor of Hutchinson county had taken

charge of these injured persons while they were in their county, and for the purpose of granting and rendering assistance to them had caused their removal to Yankton county and had there requested respondent to care for them, then we would have a different case; but there is no showing that anything of this nature occurred. Hence we are of the view that the court erred in overruling the demurrer to the complaint.

In Hamlin County v. Clark County, 1 S. D. 131, 45 N. W. 329, this court held that Clark county was not liable for care and attention rendered in caring for a resident of Clark county who was temporarily in Hamlin county. In that case it was contended by appellant that no right of action existed at common law by one municipality against another to recover for temporary or other relief furnished a poor person while out of the county of his settlement, and that as no remedy was given by our laws in such cases no right of recovery existed.

It was urged on the part of respondent that, though our statutes had not in terms provided for the repayment of expenses so incurred, it had made it the legal duty of the county to relieve and support all poor and indigent persons lawfully settled therein, and that consequently there was an implied promise on the part of a county to reimburse another county for the expense incurred in furnishing temporary relief to a person who had legal residence in the former county. The holding in that case was with the appellant that no statute existed authorizing such payment. It would certainly seem, therefore, that, if a county was not obligated to pay for care and keeping of a legal resident of the county while temporarily absent in another county, no liability could exist for the payment of services rendered in caring for one who was not an inhabitant of the county at all. These views seem to be sustained by ample judicial authority. St. Luke's Hospital v. Grand Forks County, 8 N. D. 241, 77 N. W. 598. In that case the court said:

"It being necessary, then, to render a county liable as a debtor for aid furnished to a pauper, either that there be a statute authorizing any person to give it at the expense of the county, or that it is extended pursuant to the request of some one having authority to act, it is plain that, in the absence of both, the complaint did not state a cause of action."

In the case of Moon v. Board, 97 Ind. 176, the Supreme Court of Indiana said:

"A claim against a county for services can exist only where there is a contract, or where there is a statute providing * * * and directing compensation. No person can voluntarily perform services for a county, and demand compensation, except in cases provided by statute, and one who demands compensation for services rendered to a county must show a contract made under due authority of law with the proper officers, or else show a statute making provision for such services."

· In Miller v. Somerset, 14 Mass. 396, and in Kittredge v. Newbury, 14 Mass. 448, the Supreme Court of Massachusetts said:

"Since towns are not liable by the common law to support paupers, no compensation can be recovered for a surgical operation performed on a pauper without application to the overseers, even where the operation is immediately necessary."

The following decisions also sustain our holding in this case: Hull v. Oneida Co., 19 Johns. (N. Y.) 259, 10 Am. Dec. 223; Morgan County v. Seaton, 122 Ind. 521, 24 N. E. 213; Cerro Gordo Co. v. Boone Co., 152 Iowa, 692, 133 N. W. 132, 39 L. R. A. (N. S.) 161, Ann. Cas. 1913C, and note; Patrick v. Baldwin, 109 Wis. 342, 85 N. W. 274, 53 L. R. A. 613. In Cerro Gordo Co. v. Boone Co., supra, being a case in principle identical with this, the Supreme Court of Iowa held that a county is under no implied duty to reimburse another for expenses incurred in relief of paupers who first become in need of aid within its borders; that to render a county liable for aid furnished to a pauper it must be supplied at the instance of the officers designated by statute to have charge of the poor.

[4] From the provisions of section 2781 it is clear that it is only temporary relief that is authorized to be furnished by the overseers, upon complaint made to them, where persons are found lying sick and in need of such temporary relief that the overseers are authorized to charge the county in the case of nonresidents. It is only for temporary relief that the overseers are authorized to charge the county in the case of nonresidents. In this case it clearly appears that temporary relief was in fact actually furnished by some good Samaritan,

other than the overseers of Hutchinson county, who in seeking such temporary relief removed said injured persons to a hospital in Yankton county, and, so far as shown by the record, without the knowledge or consent of the said overseers.    These injured persons were so removed beyond and outside of the jurisdiction of Hutchinson county and the overseers thereof.    The decisions herein cited sustain the proposition, under statutes like section 2781, that where some one else, other than the overseers, furnishes the temporary relief that might have been furnished by the overseers, but was not, the county cannot be charged for such temporary relief voluntarily furnished by some other person, however humane might have been the act of such other person; that the county can only be charged by and through the acts of its overseers amounting to express or implied authorization of the temporary relief.    No such authorization seems to have been made in this case.    There is no provision made for urgent cases by section 2781, or any other provision of our statute law.    The Massachusetts cases, supra, are clear and direct on this point; that is, that provision for urgent cases cannot be read into the statute by the court; this being a case where there must be some statutory authority for charging the county where relief was furnished a nonresident person by some one other than the prescribed county officer.

The order appealed from is reversed, and the cause remanded for further procedure in harmony with this decision.

WHITING, P. J., and GATES J. (concurring specially).    As we read the majority opinion, it holds that, regardless of the apparent necessity of removal to Yankton county, regardless of any imminent or actual danger to the patient's life that might result from delay, and regardless of neglect or refusal to act on the part of the overseer or overseers of the poor, a surgeon giving aid to one who is unable to pay for such services cannot recover of the county wherein he lay injured.

With possibly one exception (Maine) the courts recognize a fact which every humane people should be glad to proclaim, namely, that there is a moral obligation resting upon society to care for the needy and helpless in its midst, and this regardless of whether the unfortunate has a legal settlement in the particular political subdivision where he may chance to be situate.    On the

other hand, the courts are unanimous, we think, in holding that it is only by virtue of statute that there can exist a legal duty. So holding it would seem that some courts have placed the statutory method for invoking the execution of the duty ahead of, and of more importance than, the duty itself, and so doing have seemed to hold that there can be no legal duty upon which a legal liability can be predicated without there be an express contract entered into in accordance with the statute. In this it seems to us that such courts have erred. That our statute creates a legal duty upon the county to give aid to a proper party regardless of the place of his settlement was fully recognized in Hamlin County v. Clark County, 1 S. D. 131, 45 N. W. 329. Such statutes, being enacted in the interests of humanity and mercy, should receive a liberal construction so as to carry into effect their humane and beneficient objects. Ogden v. Weber Co., 26 Utah, 129, 72 Pac. 433.

In the majority opinion there is cited the opinion in the case of Cerro Gordo Co. v. Boone Co., 152 Iowa, 692, 133 N. W. 132, 39 L. R. A. (N. S.) 161, Ann. Cas. 1913C, 79, and the notes thereto attached. The opinion in that case in no manner deals with the question of the right of one to afford relief in an emergency case and to collect compensation without previous contract with or authority from an overseer. The notes do go into this question. The author of such notes makes the statement that:

"Without one exception, the cases seem unanimously to hold that the existence of an emergency rendering relief necessary before proper steps can be taken to charge the public, or the refusal of relief by public officers, gives a person furnishing relief no right to compensation in the absence of statutory provision for such case."

An examination of the authorities cited in such notes discloses that the large majority thereof do not support the law as above stated.

Upon the other hand, the author of such notes is absolutely wrong in his statement that there is but one authority supporting what we believe to be the correct law. We believe the law to be that, when the statute imposes a legal duty, and there is such an emergency as prevents the getting of an express contract, or

the proper authorities refuse or neglect to perform the legal duty, there arises an implied promise, founded on the legal duty, to pay for necessary services. This has been held in numerous decisions upon statutes which, like ours, impose upon some official the task of carrying out the duty. We can do no better than to refer to opinions so holding. A reading of the facts upon which such opinions are based, and a comparison of the wording of particular statutes involved with the wording of our statute, satisfies us that these opinions are exactly in point, and that the overwhelming weight of authority supports the rule of law for which we contend. Board of Com'rs v. Denebrink, 15 Wyo 342, 89 Pac. 7, 9 L. R. A. (N. S.) 1234; Newcomer v. Jefferson Twp., 181 Ind. 1, 103 N. E. 843, Ann. Cas. 1916D, 181; Robbins v. Town of Homer, 95 Minn. 201, 103 N. W. 1023; County of Christian v. Rockwell, 25 Ill. App. 20; County of Clinton v. Pace, 59 Ill. App. 576; County of Madison v. Haskell, 63 Ill. App. 657; Trustees v. Aaron Ogden, 5 Ohio, 23; Board of Sup'rs v. Gilbert, 70 Miss. 791, 12 South. 593.

Being of the opinion that the complaint was insufficient to state a cause of action even under the law for which we contend, we concur in the result announced in the majority opinion.