DANIEL S. PEARSON, Judge,
dissenting.
Judge Schwartz’s dissenting opinion quite clearly demonstrates that the legal duty of the County to provide and pay for medical care for its indigent residents is nowhere to be found in any statute or other writing referred to in the majority opinion. Since that is the case, I suspect that the unstated premise of the majority’s holding is that no legislation imposing this duty is required, either because the duty was recognized at common law or, if not, because the duty should be recognized by us, the court. The premise is wrong.
Under the common law, no body politic is legally obligated to provide for its indigents; any obligation to so provide must come from legislation. Mandan Deaconess Hospital v. Sioux County, 63 N.D. 538, 248 N.W. 924 (1933); St. Luke’s Hospital Ass’n v. Grand Forks County, 8 N.D. 241, 77 N.W. 598 (1898); Roane v. Hutchinson County, 40 S.D. 297, 167 N.W. 168 (1918); Hamlin County v. Clark County, 1 S.D. 131, 45 N.W. 329 (1890); Patrick v. Town of Baldwin, 109 Wis. 342, 85 N.W. 274 (1901). See Carthaus v. County of Ozaukee, 236 Wis. 438, 295 N.W. 678 (1941) (liability of towns to support poor persons is founded upon and limited by statute, and it is not to be enlarged or modified by any supposed moral obligation); Willacy County v. Valley Baptist Hospital, 29 S.W.2d 456 (Tex.Civ.App.1930) (same). Thus,
“while there is a strong moral obligation resting upon organized society to relieve all poor persons in its midst standing in need thereof, there is no legal obligation to do so in the absence of a statute creating it, and ... the courts cannot go further than the legislative will has been expressed. To what extent, under what circumstances, at what place and by what agencies poor persons shall be relieved at the expense of the public, are all purely legislative questions.” Patrick v. Town of Baldwin, 85 N.W. at 276.
The majority holding that the expense of post-emergency care to indigent residents must be borne by the public through the County, no matter how well intended, is, in my view, impermissible judicial legislation.
I would reverse the judgment below and direct the entry of judgment in favor of the County.
SCHWARTZ, C.J., and NESBITT and FERGUSON, JJ., concur.