2000 SD 107

**Elliott A. BEERS, Jr., Plaintiff and Appellee,**

v.

**PENNINGTON COUNTY, South Dakota, Defendant and Appellant.**

No. 21212.

Supreme Court of South Dakota.

Considered on Briefs April 24, 2000.

Decided Aug. 16, 2000.

Timothy J. Becker of Midland Professional Associates, Rapid City, Attorneys for plaintiff and appellee.

Ronald D. Buskerud, Pennington County, Deputy State's Attorney, Rapid City, Attorney for defendant and appellant.

PER CURIAM.

[¶ 1.] In this appeal we affirm the circuit court and hold that a self-employed person's failure to purchase health insurance, despite his apparent financial ability to do so, does not preclude him from qualifying for assistance as a medically indigent person under SDCL ch 28–13.

## FACTS AND PROCEDURE

[¶ 2.] This case was presented to the circuit court on stipulated facts. Elliott A. Beers, Jr., a 63–year–old resident of Pennington County, was admitted to Rapid City Regional Hospital May 1, 1998 for emergency medical care related to heart problems. He was diagnosed with dilated cardiomyopathy, left ventricular thrombosis, severe mitral regurgitation and encephalopathy. During his seven-week hospitalization, his lower limbs were amputated. He was discharged June 19 to a nursing home.

[¶ 3.] At the time he was hospitalized, Beers was self-employed as a small engine repairperson. He did not have health insurance. From May 1995 to May 1998, he carried a balance in his bank account ranging between $4,600 and $11,000. Within fifteen days of Beers' admission, pursuant to SDCL 28–13–34.1, Hospital notified County of his hospitalization. Upon his discharge, Hospital provided County with an itemized statement of charges totaling $113,536.08 for his care. Beers sought assistance for payment of his hospital bill through veterans' benefits, Social Security Disability, Medicaid, and Social Security Supplementary Security Income. He received no financial aid from these sources.

[¶ 4.] On September 25, 1998, Beers applied to County seeking assistance with payment of his hospital bill pursuant to SDCL ch. 28–13. County determined he was ineligible for county assistance under SDCL 28–13–27(6) on the basis that he was "indigent by design" for failure to purchase health insurance prior to hospitalization when financially able to do so.

[¶ 5.] Beers appealed this decision to the circuit court which held he was income and resource eligible for county assistance, and thus entitled to payment of his medical bills under SDCL ch. 28–13. The court also found Beers did not have health insurance but had the financial ability to purchase such insurance. The court concluded that despite this ability to purchase insurance, Beers was a medically indigent person as defined by SDCL 28–13–1.3 and therefore eligible for county assistance. The circuit court reversed the decision of County and entered summary judgment for Beers. County appeals.

## ANALYSIS AND DECISION

[¶ 6.] Beers makes no argument on appeal that he was financially unable to purchase health insurance. There was no evidence presented that he was uninsurable. The issue is whether a resident of a county, determined to be income and resource eligible for county assistance under SDCL ch. 28–13, is indigent by design and thus precluded from such assistance when he failed to purchase health insurance although he was financially able to do so. This is a matter of first impression in this state and is purely a question of statutory construction, reviewable de novo. *Lucero v. Van Wie*, 1999 SD 109, ¶ 6, 598 N.W.2d 893, 895 (citing *LPN Trust v. Farrar Outdoor Advertising, Inc.*, 1996 SD 97, ¶ 8, 552 N.W.2d 796, 798). "Since there are no factual issues in this case, summary judgment will be affirmed if the trial court correctly decided the legal issues presented." *Id.* (citing *Ward v. Midcom, Inc.*, 1998 SD 10, ¶ 9, 575 N.W.2d 233, 236).

[¶ 7.] The duty of a county to provide poor relief to its indigent residents is statutory and predates statehood. Revised Dakota Territory Laws of 1877, PolC ch. 33, § 4; Dakota Territory Compiled Laws of 1887, PolC ch. 22, § 2143; *Hamlin County v. Clark County*, 1 S.D. 131, 137, 45 N.W. 329, 331 (1890) (noting our "poor laws" were adopted from Indiana's and the obligation is purely statutory); *In re Appeal of Presentation Sisters, Inc.*, 471 N.W.2d 169, 174 (S.D.1991). Because the expenditure of public funds is involved, we have strictly construed SDCL ch. 28–13. *Id.*; *Sioux Valley Hosp. Ass'n v. Davison County*, 298 N.W.2d 85 (S.D.1980).

[¶ 8.] SDCL 28–13–1 provides that "[e]very county shall relieve and support all poor and indigent persons who have estab-

lished residency therein, as that term is defined in §§ 28–13–2 to 28–13–16.2, inclusive, and who have made application to the county, whenever they shall stand in need." The term "medically indigent" is defined by statute:

A medically indigent person is one who meets the following criteria:

(1) Requires medically necessary hospital services for which no public or private third-party coverage, such as insurance, veterans' assistance, medicaid, or medicare, is available which covers the actual cost of hospitalization;

(2) Has no ability or only limited ability, as determined under the provisions of this chapter, to pay a debt for hospitalization;

(3) Has not voluntarily reduced or eliminated ownership or control of an asset for the purpose of establishing eligibility;

*(4) Is not indigent by design;* and

(5) Is not a veteran or a member of a Native American tribe who is eligible or would have been eligible for services through the Veterans' Administration or the Indian Health Service if the services had been applied for within seventy-two hours of the person's admission.

SDCL 28–13–1.3 (emphasis added). SDCL 18–13–27(6) further defines "indigent by design" as an individual who meets any of the following criteria:

(a) Is able to work but has chosen not to work;

(b) Is a student at a postsecondary institution who has chosen not to purchase health insurance;

*(c) Has failed to purchase health insurance which was made available through the individual's employer;* or

(d) Has transferred resources for purposes of establishing eligibility for medical assistance available under the provisions of this chapter. The lookback period for making this determination includes the thirty-six month period immediately prior to the onset of the individual's illness and continues through the period of time for which the individual is requesting services.

(emphasis added). This section, and SDCL 28–13.1.3 in its entirety, were enacted by the legislature in 1997. Prior to that time, the concept of "indigent by design" did not exist in our poor relief statutes. SDCL 28–13–32.10, also enacted in 1997, provides that "[i]f an individual is indigent by design, the individual is ineligible for medical assistance under the provisions of this chapter and there may be no other criteria used to determine eligibility."

[¶ 9.] The particular statutory provision at issue in this appeal is SDCL 28–13–27(6)(c): An individual is "indigent by design" who "[h]as failed to purchase health insurance which was made available through the individual's employer."

One of the primary rules of statutory ... construction is to give words and phrases their plain meaning and effect. This court assumes that statutes mean what they say and that legislators have said what they meant. When the language of a statute is clear, certain and unambiguous, there is no occasion for construction, and the court's only function is to declare the meaning of the statute as clearly expressed in the statute.

*Zoss v. Schaefers,* 1999 SD 105, ¶ 6, 598 N.W.2d 550, 552 (quoting *South Dakota SIF v. CRE,* 1999 SD 2, ¶ 17, 589 N.W.2d 206, 209). Applying the plain meaning rule of statutory construction, it is clear that neither SDCL 28–13–1.3 nor 28–13–27(6) requires Beers to purchase health insurance and, as a self-employed person, he has no insurance available to him through an employer.

[¶ 10.] County asks this Court to hold both that self-employed persons are employers in this instance and that health insurance is "made available" by an individual's employer if that person is insur-

able and has the financial resources to obtain insurance. Adoption of this argument would expand the statutory language beyond its plain meaning. "[T]his Court 'must assume that the legislature meant what the statute says and therefore give its words and phrases a plain meaning and effect.'" *McIntyre v. Wick*, 1996 SD 147, ¶ 51, 558 N.W.2d 347, 362 (quoting *Nilson v. Clay County*, 534 N.W.2d 598, 601 (S.D. 1995)). In addition, as previously noted, this state's poor relief statutes are strictly construed. *Sioux Valley Hosp. Ass'n, supra.* Nothing in the statutes required Beers to purchase health insurance. He has already been found to be income and resource eligible for county assistance, a determination that is not appealed or argued to this Court. Under a plain reading of the law, he is medically indigent.

[¶ 11.] "The remedy is entirely statutory. If the statutes are found to be wanting, the remedy should be addressed to the legislature." *In re Certification of Question of Law*, 402 N.W.2d 340, 343 (S.D.1987) (quoting *Sioux Valley Hosp. Ass'n*, 298 N.W.2d at 87).

> The duty of supporting the poor, aiding poor people, or those temporarily requiring assistance, may be imposed by the legislature upon counties or towns in such manner as it may deem expedient. There is no question of moral obligation involved.... It is simply a question of public policy, and, being such, is entirely within the control of the legislature.

*Hamlin County*, 1 S.D. at 138, 45 N.W. at 331.

[¶ 12.] Beers informs this Court that County did look to the legislature for a remedy and in fact proposed legislation to revise the definition of "indigent by design." The following amendment to SDCL 28–13–27(6), quoted below in pertinent part, became effective July 1, 2000:

> (c) Has failed to purchase or elect major medical health insurance or health benefits made available though an employer-based health benefit plan although the person was financially able, pursuant to § 28–13–32.11, to purchase or elect the insurance or health benefits;
>
> (d) Has failed to purchase available major medical health insurance although the individual was insurable and was financially able, pursuant to § 28–13–32.11, to purchase the insurance. For purposes of this subdivision, an individual is presumed insurable unless the individual can produce sufficient evidence to show that the individual was declined major medical insurance by an insurance company and the individual did not qualify for any guarantees of major medical insurance available through any legal or contractual right that was not exercised[.]

SL 2000, ch. 134, § 1. We recently stated that:

> When an amendment is passed, it is presumed the legislature intended to change existing law. An amendment indicates a change in rights:
>
> > The courts have declared that the mere fact that the legislature enacts an amendment indicates that it thereby intended to change the original act by creating a new right or withdrawing an existing one. Therefore, any material change in the language of the original act is presumed to indicate a change in legal rights.

*South Dakota SIF*, 1999 SD 2, ¶ 18, 589 N.W.2d at 210 (quoting 1A, Sutherland, Statutory Construction, § 22.30 (5[th]ed. 1991) (internal citations omitted)).

[¶ 13.] Neither party has suggested that this amendment be retroactively applied to Beers. Perhaps that is because the law does not permit it. SDCL 2–14–21 (newly enacted statutes will not be given a retroactive effect unless such an intention is plainly expressed by the legislature); *Lyons v. Lederle Lab.*, 440 N.W.2d 769, 770 (S.D.1989) (statutes affecting substantive rights are not given retroactive effect). The amended statute does not apply as it

was not in effect when Beers was hospitalized and then applied for county assistance in 1998. Therefore, we do not further address it.

[¶ 14.] Under the plain meaning of the applicable statute, Beers' failure to purchase health insurance despite his apparent financial ability to do so does not preclude him from being medically indigent. We affirm.

[¶ 15.] MILLER, Chief Justice, and SABERS, AMUNDSON, KONENKAMP, and GILBERTSON, Justices, participating.