#30152, #30167-a-SPM
**2024 S.D. 25**

IN THE SUPREME COURT
OF THE
STATE OF SOUTH DAKOTA

* * * *

AVERA ST. MARY'S HOSPITAL,      Plaintiff and Appellant,

     v.

SULLY COUNTY, SOUTH DAKOTA,      Defendant and Appellee.

* * * *

APPEAL FROM THE CIRCUIT COURT OF
THE SIXTH JUDICIAL CIRCUIT
SULLY COUNTY, SOUTH DAKOTA

* * * *

THE HONORABLE CHRISTINA L. KLINGER
Judge

* * * *

ROBERT R. NELSON
Sioux Falls, South Dakota      Attorney for plaintiff
and appellant.


JACK H. HIEB
ZACHARY W. PETERSON
RYAN S. VOGEL of
Richardson, Wyly, Wise, Sauck
   & Hieb, LLP
Aberdeen, South Dakota      Attorneys for defendant
and appellee.

* * * *

ARGUED
OCTOBER 4, 2023
OPINION FILED **05/01/24**

MYREN, Justice

[¶1.] Avera sought reimbursement from Sully County under county poor-relief statutes for emergency medical treatment provided to J.R. The Sully County Board of Commissioners denied the claim, and the circuit court affirmed that decision. Avera appeals. Sully County filed a notice of review. We affirm.

**Factual and Procedural History**

[¶2.] J.R. is a Mexican national who worked on a seasonal visa for a few months per year in Sully County. While working in Sully County in 2014, J.R. suffered appendicitis and required emergency medical services. He was not transported by ambulance, and it appears a friend took him to Avera St. Mary's Hospital (Avera) in Hughes County. After his treatment, J.R. returned to Mexico without paying the medical bills totaling over $75,000. J.R. had no health insurance, few assets, and earned $19,624.90 in 2014. Avera sought reimbursement from Sully County under SDCL chapter 28-13—the chapter on county poor relief. Avera made its application to Sully County while J.R. was still hospitalized.

[¶3.] The Sully County Board of Commissioners (Commission) denied Avera's application, citing J.R.'s status as a nonresident of Sully County. Avera appealed the Commission's decision to the circuit court under SDCL 28-13-40. The circuit court remanded the case to the Commission to develop a more detailed factual record. Following a hearing, the Commission determined J.R. was indigent by design under SDCL 28-13-27(6)(d). The Commission also determined that "J.R. was not lying sick or in distress in Sully County at the time Sully County was notified 10 days later as shown by the Notice of Hospitalization[.]" Based on these

determinations, the Commission again denied Avera's claim. Avera again appealed to the circuit court.

[¶4.] The circuit court first reviewed the Commission's decision that J.R. was not indigent by design, then noted that "[t]he major question in this case comes down to whether J.R. had to be lying sick in Sully County at the time that the complaint was made or at the time of the illness or whether what temporary relief was required to be provided." The circuit court relied on *Roane v. Hutchinson County*, 40 S.D. 297, 167 N.W. 168 (1918), and denied Avera's claim for reimbursement. Avera appeals the circuit court's decision. The Commission filed a notice of review regarding the standard of review utilized by the circuit court.

## Standard of Review

[¶5.] Both parties stipulated that J.R. was indigent. The Commission interpreted and applied the poor-relief statutes and denied Avera's claim. The circuit court reviewed the Commission's statutory interpretation de novo and affirmed. "This Court interprets statutes under a de novo standard of review without deference to the decision of the trial court." *In re Est. of Laue*, 2010 S.D. 80, ¶ 10, 790 N.W.2d 765, 768 (quoting *In re Est. of Olson*, 2008 S.D. 4, ¶ 8, 744 N.W.2d 555, 558).[1]

---

1. Avera filed a notice of appeal from the circuit court's order denying its claim for assistance. In its briefing, Avera asserts this Court does not have jurisdiction to consider the issues raised in the Commission's notice of review. Because of our resolution of Avera's appeal, it is unnecessary to consider the Commission's notice of review or Avera's jurisdictional challenge to the notice of review.

## Analysis

[¶6.]        "The obligation to support poor persons results not from the common law, but from statutes providing for their care from public funds." *State of North Dakota ex rel. Strutz v. Perkins Cnty.*, 69 S.D. 270, 273, 9 N.W.2d 500, 501 (1943) (citing *Hamlin Cnty. v. Clark Cnty.*, 1 S.D. 131, 45 N.W. 329 (1890)).

> In construing a statute, our purpose is to discover the true intention of the law and that intention must be ascertained primarily from the language expressed in the statute. The intent of the law must be derived from the statute as a whole and by giving the statutory language its plain, ordinary and popular meaning.

*Hauck v. Clay Cnty. Comm'n.*, 2023 S.D. 43, ¶ 6, 994 N.W.2d 707, 710 (quoting *State v. Ventling*, 452 N.W.2d 123, 125 (S.D. 1990)).

[¶7.]        South Dakota's poor-relief statutes require every county to "relieve and support all poor and indigent persons who have established residency therein[.]" SDCL 28-13-1. The parties agree that J.R. was not a resident of Sully County. SDCL 28-13-37 imposes a different obligation on counties regarding *nonresident* indigent persons.

> It shall be the duty of the county commissioners, on complaint made to them that any person not an inhabitant of their county is lying sick therein or in distress, without friends or money, so that he is likely to suffer, *to examine into the case of such person and grant such temporary relief as the nature of the case may require.*

SDCL 28-13-37 (emphasis added).

[¶8.]    Under SDCL 28-13-38[2], counties have *discretionary* authority to provide a nonresident indigent person with the "same relief as is customary in cases where persons have established residency in the state and county." If a county provides such discretionary assistance to a nonresident, SDCL 28-13-38 provides that county is entitled to reimbursement from the county where the poor person resides. While a county can provide nonresidents with the same relief as is customary for residents, it is not statutorily obligated to do so. Instead, SDCL 28-13-37 only requires that it "grant such temporary relief as the nature of the case may require."

[¶9.]    J.R. became ill and received emergency medical assistance at Avera in Hughes County. He was not transported to Avera by Sully County or at the county's direction. The Commission first became aware of J.R.'s circumstances after he had already presented to Avera in Hughes County for emergency medical treatment. The Commission considered the analysis in our *Roane* decision and determined that the "nature of the case" did not require them to provide any assistance under SDCL 28-13-37.

---

2.    SDCL 28-13-38 provides:

> Whenever any person entitled to temporary relief as a poor person shall be in any county in which he has not established residency, the commissioners thereof *may*, if the same is deemed advisable, grant such relief by providing the same relief as is customary in cases where persons have established residency in the state and county. The county furnishing relief shall be entitled to reimbursements from the county in which said poor person has established residency.

(Emphasis added.)

[¶10.]     In *Roane*, this Court addressed the Hutchinson County Commission's obligations under a previous iteration of this statute nearly a century ago in a remarkably similar case. 167 N.W. at 168. In *Roane*, several nonresident indigents were injured in Hutchinson County and required emergency surgery. *Id.* The indigents were taken to a hospital in Yankton County, where they received surgery from Dr. Roane. *Id.* A county commissioner in Hutchinson County became aware of the incident, and that there was an expectation that Hutchinson County would pay for the costs. *Id.* Sometime later, Roane made a claim to the Hutchinson County board of county commissioners for the costs rendered in his services to the nonresident indigents. *Id.* After the board rejected his claim, Roane sued Hutchinson County for the costs of his services to the nonresident indigents. On appeal, this Court recognized that "the obligation of a county to furnish care and relief for poor and indigent persons found within such county is purely statutory[.]" *Id.* Because the indigent persons who received assistance from Roane were not lawfully settled in Hutchinson County, the statutes related to care for residents did not apply. *Id.* at 168–69. Because the indigent persons were noninhabitants of Hutchinson County, the Court instead focused on applying the 1913 Revised Political Code of South Dakota § 2781.[3] The *Roane* Court emphasized how § 2781

---

3.     Section 2781 is the predecessor of SDCL 28-13-37 and provided in pertinent part:

> It shall be the duty of the overseers of the poor, on complaint made to them that any person not an inhabitant of their county is lying sick therein or in distress, without friends or money, so that he or she is likely to suffer, to examine into the case of such

(continued . . .)

placed the onus to act on the county—not any other entity, such as a hospital or

surgeon:

> It must be observed from a reading of this section of the statute that the only authority conferred upon any one to act for the county in making examination and caring for and granting temporary relief to persons sick or in distress, found in such county, but who are not then inhabitants thereof, is placed in the hands of the overseers of the poor.

*Id.* at 169. From this, the *Roane* Court concluded that no statute required

Hutchinson County to reimburse Roane:

> There does not appear to be any provision in this statute for exceptional urgent cases, or cases where the public officers failed to act, as in Maine, where it is expressly provided by statute that when officials fail to do their duty, any person may, after giving due notice, render assistance, and the county shall be liable therefor. We have no such statute; besides, there is no showing in this case that the board of overseers of Hutchinson county was ever notified or failed to render assistance to the injured persons in question.

*Id.* The *Roane* Court emphasized that the statute authorized the board to provide

temporary relief but did not provide that others who undertook that task were

entitled to reimbursement:

> From the provisions of section 2781 it is clear that it is only temporary relief that is authorized to be furnished by the overseers, upon complaint made to them, where persons are found lying sick and in need of such temporary relief within their county. It is only for temporary relief that the overseers are authorized to charge the county in the case of nonresidents. *In this case it clearly appears that temporary relief was in fact*

---

(. . . continued)

> person and grant such temporary relief as the nature of the same may require; . . .

1913 Revised Political Code of South Dakota § 2781, *amended by* 1915 S.D. Sess. Laws ch. 256 § 2.

> *actually furnished by some good Samaritan, other than the overseers of Hutchinson county*, who in seeking such temporary relief removed said injured persons to a hospital in Yankton county, and, so far as shown by the record, without the knowledge or consent of the said overseers. These injured persons were so removed beyond and outside of the jurisdiction of Hutchinson county and the overseers thereof. The decisions herein cited sustain the proposition, under statutes like section 2781, that *where some one else, other than the overseers, furnishes the temporary relief that might have been furnished by the overseers, but was not, the county cannot be charged for such temporary relief voluntarily furnished by some other person, however humane might have been the act of such other person; that the county can only be charged by and through the acts of its overseers amounting to express or implied authorization of the temporary relief.* No such authorization seems to have been made in this case. There is no provision made for urgent cases by section 2781, or any other provision of our statute law.

*Id.* at 170 (emphases added).[4] The *Roane* Court also remarked on the county's lack

of an opportunity to provide relief to the indigents:

> The allegation of the complaint is that one of the county commissioners of Hutchinson county was informed that the accident had occurred and that his county would be expected to pay the expenses incurred in caring for said persons. There is no showing that this notice was given at a time *when said injured persons were in Hutchinson county*, or that the overseers of that county failed to perform their duties of making examination and granting relief. There is no showing that the commissioners of Hutchinson county were ever given or had any opportunity to make the examination or grant relief to said injured persons or to perform their duties with reference to said injured poor, as provided for by the statute. Also, it will be observed that the said injured persons were actually lying sick and in distress in Yankton county at the time respondent was

---

4.   Avera notes that its care to J.R. was not voluntary because it was mandated by federal law. Despite this change in federal law, the South Dakota Legislature has not modified SDCL 28-13-37 to require reimbursement in such circumstances. The public policy arguments submitted to this Court by Avera and the amicus would be more appropriately presented to the Legislature in support of a statutory amendment. This Court must apply the statutes as they exist.

called upon to care for them. It nowhere appears that the officials of Hutchinson county in any manner authorized or caused the said injured persons to be removed to Yankton.

*Id.* at 169.

[¶11.]     The amicus argues that the Legislature abrogated *Roane* by enacting SDCL 28-13-33.[5] This premise is incorrect because that statute only applies to indigent persons who have established residency in a county. The statute places no responsibility on a county to reimburse emergency hospital services for an indigent person who has not established residency in the county. Like this case, *Roane* involved an indigent person who was not a resident of the county from which reimbursement was sought.

[¶12.]     Alternatively, the amicus asks this Court to overrule *Roane*. Its principal argument is that the *Roane* Court misread § 2781 as conferring to the county commission the *authority* to examine claims involving temporary relief for persons sick or in distress rather than imposing upon the county commission a *duty*

---

5.     SDCL 28-13-33 provides:

> Subject to the provisions of this chapter and except as expressly provided, *if a hospital furnishes emergency hospital services to a medically indigent person, the county where the medically indigent person has established residency is liable to the hospital for the reimbursement of the hospitalization.* In the case of nonemergency care, the county of residence is liable only to the extent that the board of county commissioners, in good faith, approves an application for assistance. If a county provides payment for nonemergency services, the services shall be approved by the county before the services are provided. To the extent that the county provides payment to a hospital, the county has the same remedies for the recovery of the expense as are provided by chapter 28-14 for the recovery of money expended for the relief and support of poor and indigent persons.

(Emphasis added.)

to do so. To the contrary, the Court in *Roane* did not fail to apply the statute properly. Instead, it determined that no duty existed under the facts of the case. In particular, the *Roane* Court explicitly found that there was "no showing that this notice was given at a time *when said injured persons were in Hutchinson County*, or that the overseers of that county failed to perform their duties of making examination and granting relief." *Roane*, 167 N.W. at 169. The analysis employed by the *Roane* court is directly applicable to this case.

[¶13.] The poor-relief statutes relating to resident indigent persons have no application to this case because J.R. was not a resident of Sully County. SDCL 28-13-37 and -38 outline a county's obligations and discretionary authority regarding nonresident indigents. SDCL 28-13-37 imposes a duty on county commissioners to investigate complaints concerning nonresident poor persons who are "lying sick therein or in distress" and to provide "such temporary relief as the case shall require." SDCL 28-13-37 did not require the Commission to act with respect to an indigent nonresident who had left Sully County before the Commission learned he was in distress. Relying on the *Roane* analysis, the Commission determined it was not responsible for reimbursing Avera for J.R.'s medical treatment.

[¶14.] J.R. was an indigent who was not a Sully County resident. He received medical care at Avera St. Mary's Hospital in Hughes County. Sully County did not become aware of J.R.'s illness until the notice of hospitalization was sent after J.R. had received emergency services and was hospitalized in Hughes County. As in *Roane*, Sully County had no chance to investigate whether J.R., a nonresident, was "lying sick" in its county or "in distress" and to provide "such temporary relief

-9-

as the nature of the case may require" before Avera provided emergency services to J.R.  In these circumstances, where temporary relief had already been administered to the nonresident indigent by a third party in another county, Sully County had no statutory obligation to reimburse Avera for J.R.'s emergency medical services.  We affirm.

[¶15.]	JENSEN, Chief Justice, and KERN, SALTER, and DEVANEY, Justices, concur.