#27702-a-GAS
**2016 S.D. 65**

IN THE SUPREME COURT
OF THE
STATE OF SOUTH DAKOTA
\* \* \* \*

STEVE HYDE, KATHY HYDE,
CLARK GUTHMILLER, LISA
GUTHMILLER, WARREN WILSON,
SHERRI WILSON, JIM THIBODEAU,
DAN LEONARD, LARRY WILCOX,
RICHARD HYDE and CHERYL HYDE,                Plaintiffs and Appellants,

        v.

SULLY COUNTY BOARD OF
ADJUSTMENT,                                  Defendant and Appellee,

        and

RING-NECK ENERGY & FEED, LLC,
a South Dakota Limited
Liability Company,                           Intervenor and Appellee.

\* \* \* \*

APPEAL FROM THE CIRCUIT COURT OF
THE SIXTH JUDICIAL CIRCUIT
SULLY COUNTY, SOUTH DAKOTA
\* \* \* \*

THE HONORABLE JOHN L. BROWN
Judge
\* \* \* \*

ADAM ALTMAN
Aberdeen, South Dakota                       Attorney for plaintiffs and
                                             appellants.

JACK H. HIEB
ZACHARY W. PETERSON of
Richardson, Wyly, Wise,
  Sauck & Hieb, LLP
Aberdeen, South Dakota                       Attorneys for defendant and
                                             appellee Sully Cty. Bd. of
                                             Adjustment.

CRAIG E. SMITH
Neumayr & Smith
Gettysburg, South Dakota                     Attorneys for intervenor and
                                             appellee.

\* \* \* \*

CONSIDERED ON BRIEFS
ON AUGUST 29, 2016
OPINION FILED **09/28/16**

#27702

SEVERSON, Justice

[¶1.]     Petitioners appealed the decision of the Sully County Board of Adjustment to grant a conditional use permit to Ring-Neck Energy & Feed, LLC, for an ethanol plant. Petitioners appeal from the circuit court's dismissal of the appeal as untimely. We affirm.

## Background

[¶2.]     On July 20, 2015, the Sully County Board of Adjustment (the Board) considered an application by Ring-Neck Energy & Feed, LLC, for a conditional use permit (CUP) that would allow construction and operation of an ethanol plant. The Board granted the CUP and adopted findings of fact and conclusions of law to that effect. Ring-Neck Energy's application was marked approved, and the Board's chairman signed and dated it on July 20, 2015. The approved permit was filed that same day in the Sully County Planning and Zoning office. When the Board next met, on August 4, 2015, it approved the minutes from the July 20th meeting. When doing so, it approved additional language to be added to the conditions of the CUP. After the addition, which is underlined below, condition f (1) reads:

> Applicant shall remain responsible either individually or through cooperation with the County in any combination of the funding sources set forth in Exhibit 2, Section 10, so as to ensure the Sully County budget is protected from the estimated $1.2 million cost for road paving <u>and/or restructuring and rebuilding</u> to account for the truck traffic of 186th Street from US Highway 83 east to 305th Avenue, and then south to Applicant's site entrance (apx. 1.2 miles); In the event that funding sources described in Exhibit 2, Section 10, are insufficient or unobtainable, Applicant shall bear that responsibility . . . .

[¶3.]     On August 20, 2015, Petitioners filed a petition for writ of certiorari with the circuit court. Petitioners alleged that the Board's decision granting the

-1-

CUP was illegal. In their petition, Petitioners claimed that the Board's decision was ultra vires because the meeting violated open-meetings laws, the Board failed to adopt rules in accordance with SDCL 11-2-54, and it failed to adopt criteria pursuant to SDCL 11-2-17.3 for evaluating each conditional use. Petitioners also alleged that an ethanol plant is not allowed in the zoning district where Ring-Neck Energy plans to build and that various aspects of the ethanol plant did not meet zoning ordinance requirements or were not allowed under the ordinances. The court granted the writ on August 25, 2015, and ordered the Board to produce a transcript of the record and proceedings for the court's review.

[¶4.] Ring-Neck Energy moved to intervene, and the circuit court granted its motion. Ring-Neck Energy subsequently moved to quash the writ and dismiss the petition as untimely. The court decided to defer the motions hearing until the entire matter could be heard on the merits on October 26, 2015. The court issued its decision on November 10, 2015. The court determined that it lacked subject-matter jurisdiction because the petition was untimely under SDCL 11-2-61. On appeal to this Court, Petitioners assert that their petition was timely. They also contend that the Board failed to follow the State's open-meetings laws, that it did not act within its authority when it allowed uses that did not comply with the zoning ordinances, and that the Board's failure to follow procedural rules voids the Board's decision.

## Analysis

[¶5.] We first address the timeliness of the petition for writ of certiorari. "This [C]ourt has consistently recognized that the right to an appeal is purely

statutory and no appeal may be taken absent statutory authorization. An attempted appeal from which no appeal lies is a nullity and confers no jurisdiction on the court except to dismiss it." *Elliott v. Bd. of Cty. Comm'rs of Lake Cty.*, 2005 S.D. 92, ¶ 15, 703 N.W.2d 361, 368 (quoting *Appeal of Lawrence Cty.*, 499 N.W.2d 626, 628 (S.D. 1993)). "We review issues regarding a [c]ourt's jurisdiction as questions of law under the de novo standard of review." *Elliott v. Bd. of Cty. Comm'rs of Lake Cty.*, 2007 S.D. 6, ¶ 9, 727 N.W.2d 288, 289.

[¶6.]        At the time Petitioners sought relief, SDCL 11-2-61[1] provided:

> Any person or persons, jointly or severally, aggrieved by any decision of the board of adjustment, or any taxpayer, or any officer, department, board, or bureau of the county, may present to a court of record a petition duly verified, setting forth that the decision is illegal, in whole or in part, specifying the grounds of the illegality. *The petition shall be presented to the court within thirty days after the filing of the decision in the office of the board of adjustment.*

(Emphasis added). In this case, Petitioners petitioned the circuit court for relief on August 20, 2015, thirty-one days after the Board's decision approving the permit was filed in the Sully County Planning and Zoning office on July 20, 2015. The statute clearly provides that the time for appeal begins to run upon the filing of the decision. It provides that an aggrieved person must present a petition "within thirty days after *the filing of the decision in the office of the board of adjustment.*" SDCL 11-2-61 (emphasis added). The Board's decision was filed in the Sully County Planning and Zoning Office, which for filing purposes, serves as the Sully County Office of the Board of Adjustment.

---

1.      In 2016, the Legislature modified SDCL 11-2-61.

[¶7.]	Petitioners maintain that the object of their appeal is the Board's approval of the meeting minutes and not the Board's decision to grant the CUP. Their position is unsupported.  Because SDCL 11-2-61 requires that the petition set "forth that the decision is illegal" and specify "the grounds of the illegality," the relevant decision that the statute is referencing is that which the petitioner is claiming is illegal.  Petitioners have not contended that by adding language in the minutes, the Board has failed to regularly pursue its authority.[2] *See Elliot*, 2005 S.D. 92, ¶ 14, 703 N.W.2d at 367 (quoting SDCL 21-31-8) ("The standard of review for a writ of certiorari 'cannot be extended further than to determine whether the board has regularly pursued the authority of such board.'").  Therefore, the relevant decision that Petitioners are appealing from is the Board's decision to grant the CUP on July 20, not the decision to approve the Board's minutes.[3]

---

2.	Nor could they contend that it was illegal in this case.  Subject to certain restrictions, administrative agencies have "inherent authority to correct adjudications which appear to be erroneous."  *Jundt v. Fuller*, 2007 S.D. 62, ¶¶ 7-8, 736 N.W.2d 508, 512 (quoting *Stearns-Hotzfield v. Farmers Ins. Exch.*, 360 N.W.2d 384, 389 (Minn. Ct. App. 1985) (citing *Anchor Cas. Co. v. Bongards Coop. Creamery Assoc.*, 91 N.W.2d 122 (Minn. 1958))).  We explained:

> Generally, an agency's "right to reverse an earlier, erroneous adjudication lasts until jurisdiction is lost by appeal or until a reasonable time has run, which would at least be co-extensive with the time required by statute for review."

*Id.* ¶ 7, 736 N.W.2d at 512 (quoting *Stearns-Hotzfield*, 360 N.W.2d at 389).  Furthermore, the additional language did not materially change condition f in the way that Petitioners contend.

3.	Petitioners cite to cases from Arizona and Ohio for the proposition that "[a]pproval of the minutes of a meeting is widely seen a[s] the act that triggers the timeline for challenging the action taken at the meeting of the Board."  The cases cited do not stand for such a proposition, and they

(continued . . .)

[¶8.]     Petitioners failed to timely appeal the Board of Adjustment's decision to grant a conditional use permit to Ring-Neck Energy & Feed LLC. Therefore, we do not address the other issues raised by Appellants. We affirm the circuit court's dismissal.

[¶9.]     GILBERTSON, Chief Justice, and ZINTER, WILBUR and KERN, Justices, concur.

---

(. . . continued)

construe statutes and ordinances unlike those involved in this case. The two cases from Arizona, *Pioneer Trust Co. of Arizona v. Pima Cty.*, 811 P.2d. 22, 30 (Ariz. 1991) (en banc), and *Grosvenor Holdings L.C. v. City of Peoria*, 985 P.2d 622, 625 (Ariz. Ct. App. 1999), addressed the timeliness of referendum petitions on a county's decision to rezone. In *Pioneer Trust Co.*, the Arizona Supreme Court recognized that a board's "minutes were subject to amendment until the Board approved them." 811 P.2d at 30. In *Grosvenor Holdings*, the Arizona court examined its laws on the time to file a referendum petition and determined that "the right of referendum was triggered by approval of the minutes of the meeting at which the rezoning decision was made." 985 P.2d at 624. Otherwise, referendum petitions could not meet state requirements that a "full and correct copy of the matter to be referred [be] attached to them[.]" *Pioneer*, 811 P.2d. at 29. This case does not involve a referendum petition. Thus, the Arizona cases have no applicability to this case. The Ohio case addressed specific zoning regulations that provided "an appeal from a decision must be made within 30 days of the approval of the minutes of the hearing in which the board made its decision." *Guttentag v. Etna Twp. Bd. of Zoning Appeals*, 893 N.E.2d 890, 893 (Ohio Ct. App. 2008).