#30001- aff in pt & rev in pt -SPM
**2023 S.D. 43**

IN THE SUPREME COURT
OF THE
STATE OF SOUTH DAKOTA

\* \* \* \*

MICHELLE L. HAUCK,                                   Petitioner and Appellant,

     v.

CLAY COUNTY COMMISSION,
Richard Hammond, in his capacity as
Clay County Commissioner, Travis
Mocker, in his capacity as Clay
County Commissioner, Elizabeth Smith,
in her capacity as Clay County
Commissioner, Phyllis Packard, in her
capacity as Clay County Commissioner,
and Michael Manning, in his capacity as
Clay County Commissioner,                            Respondents and Appellees.

\* \* \* \*

APPEAL FROM THE CIRCUIT COURT OF
THE FIRST JUDICIAL CIRCUIT
CLAY COUNTY, SOUTH DAKOTA

\* \* \* \*

THE HONORABLE TAMI BERN
Judge

\* \* \* \*

WANDA HOWEY-FOX of
Harmelink & Fox Law Office, P.C.
Yankton, South Dakota                    Attorneys for petitioner and
                                         appellant.


JAMES S. SIMKO of
Cadwell, Sanford, Deibert & Garry, LLP
Sioux Falls, South Dakota                Attorneys for respondents
                                         and appellees.

\* \* \* \*

CONSIDERED ON BRIEFS
FEBRUARY 15, 2023
OPINION FILED **08/09/23**

#30001

MYREN, Justice

[¶1.] Michelle Hauck sought writs of mandamus and certiorari from the circuit court to reverse the Clay County Board of Adjustment's (Board of Adjustment) affirmance of the Clay County Planning Commission's (Planning Commission) denial of Hauck's proposed conditional use permit (CUP). The circuit court concluded Hauck's petition for writ of certiorari was untimely and that a writ of mandamus was not a remedy available to Hauck to challenge a Board of Adjustment's denial of a CUP. We reverse and remand the dismissal of the writ of certiorari as untimely but affirm the denial of the writ of mandamus.

## Factual and Procedural History

[¶2.] On July 9, 2021, Hauck applied for a CUP in Clay County "to build a campground recreational facility[.]" Her initial application proposed a campground consisting of 408 camping sites. On August 30, 2021, Drew Gunderson, the Clay County Planning and Zoning Administrator, presented Hauck's application to the Planning Commission at a public hearing. At this meeting, Hauck's attorney offered "a more fleshed out plan" to assuage concerns expressed by the Planning Commission.[1] In response, the Planning Commission tabled the CUP application.

---

1. In his affidavit, Gunderson described the Planning Commission's meeting on August 30, 2021, as follows:

    At said meeting the planning commission voted to table determination on the CUP application until the next meeting, along with consent of Petitioner, as is reflected in the minutes. The issue was tabled in part to allow time to review whether Petitioner could amend her CUP application.
    4) Following the August 30, 2021 meeting, a second site plan was submitted by Petitioner on September 21, 2021.

At their next meeting on September 27, 2021, the Planning Commission denied Hauck's CUP application. Hauck appealed this denial to the Clay County Commission, which was sitting as the Board of Adjustment. Before the Board of Adjustment, Hauck argued that because the Planning Commission did not issue a decision within 65 days of filing her CUP application, the CUP application was deemed approved under SDCL 11-2-24.1.[2] The Board of Adjustment unanimously affirmed the Planning Commission's denial of the CUP. The settled record does not establish that the Board of Adjustment's decision was filed with the office of the Board of Adjustment.[3] On February 7, 2022, Hauck requested the circuit court to issue a writ of certiorari and a writ of mandamus.

[¶3.] On April 13, 2022, the circuit court heard arguments regarding Hauck's requested writs. Hauck argued that because 79 days elapsed between the time she filed her application for a CUP and the Planning Commission's decision denying it, the application was deemed approved under SDCL 11-2-24.1. The Board of Adjustment responded that the writ of certiorari was untimely under SDCL 11-2-

---

2. SDCL 11-2-24.1 provides:

   The failure of the planning commission to act within sixty-five days from and after the date of official submission to it under the provisions of § 11-2-24, shall be deemed approval, unless a longer period be granted by the board or other submitting official.

3. The settled record contains an affidavit from the Clay County Auditor in which she states that the Board of County Commissioners acting as the Board of Adjustment denied Hauck's appeal. She attached minutes from the Board of Adjustment meeting to her affidavit. Her affidavit does *not* contain any statement regarding the filing of the decision in the office of the Board of Adjustment.

61 because it was filed "beyond 30 days from the time that [the Board of Adjustment's decision] was filed or served on the parties." As to the writ of mandamus, the Board of Adjustment argued that it is not "an appropriate remedy to this situation."

[¶4.]     Concerning the writ of certiorari, the circuit court concluded it did not have jurisdiction under SDCL 11-2-61 because the petition was filed more than 30 days after the Board of Adjustment's decision. Concerning the writ of mandamus, the circuit court concluded that remedy was unavailable because SDCL 11-2-61.1 provides that a writ of certiorari is the exclusive means to challenge a decision to grant or deny a CUP. The circuit court entered an order denying both writs and dismissing the matter. The Board of Adjustment gave notice of entry of this order. Hauck filed a timely notice of appeal to this Court.[4]

## Decision

### 1.     Whether the circuit court erred in determining the petition for writ of certiorari was untimely.

[¶5.]     SDCL 11-2-61 sets forth the requirements for invoking a court's jurisdiction to review a petition for writ of certiorari.

> Any person . . . aggrieved by any decision of the board of adjustment may present to a court of record a petition duly verified, setting forth that the decision is illegal, in whole or in part, specifying the grounds of the illegality. The petition shall

---

4.     The Board of Adjustment argues, *for the first time on appeal*, that a "ground for dismissal is [Hauck's] failure to name the property [sic] party—the Board of Adjustment." "Arguments not raised at the trial level are deemed waived on appeal." *State v. Hi Ta Lar*, 2018 S.D. 18, ¶ 17 n.5, 908 N.W.2d 181, 187 n.5 (citing *Supreme Pork, Inc. v. Master Blaster, Inc.*, 2009 S.D. 20, ¶ 12 n.5, 764 N.W.2d 474, 480 n.5); *See Long v. State*, 2017 S.D. 79, ¶ 19, 904 N.W.2d 502, 510 ("an issue may not be raised for the first time on appeal"). As a result, this argument is waived, and we do not address it.

be a petition for writ of certiorari *presented to the court within thirty days after the filing of the decision in the office of the board of adjustment.* The board of adjustment shall respond to the petition within thirty days of receiving the notice of the filing and shall simultaneously submit the complete record of proceedings of the board appealed from, in the form of a return on a petition for writ, without need for a court order or formal issuance of writ.

SDCL 11-2-61 (emphasis added).

[¶6.]      "This [C]ourt has consistently recognized that the right to an appeal is purely statutory and no appeal may be taken absent statutory authorization. An attempted appeal from which no appeal lies is a nullity and confers no jurisdiction on the court except to dismiss it." "We review issues regarding a [c]ourt's jurisdiction as questions of law under the de novo standard of review."

*Hyde v. Sully Cnty. Bd. of Adjustment*, 2016 S.D. 65, ¶ 5, 886 N.W.2d 355, 357 (alterations in original) (citation omitted) (quoting *Elliot v. Bd. of Cnty. Comm'rs of Lake Cnty.*, 2007 S.D. 6, ¶ 9, 727 N.W.2d 288, 289). "In construing a statute, our purpose is to discover the true intention of the law and that intention must be ascertained primarily from the language expressed in the statute. The intent of the law must be derived from the statute as a whole and by giving the statutory language its plain, ordinary and popular meaning." *State v. Ventling*, 452 N.W.2d 123, 125 (S.D. 1990) (citation omitted) (citing *Am. Rim & Brake, Inc. v. Zoellner*, 382 N.W.2d 421 (S.D. 1986)). "Questions of law concerning statutory construction are reviewed de novo." *Dale v. Young*, 2015 S.D. 96, ¶ 5, 873 N.W.2d 72, 73 (quoting *In re W. River Elec. Ass'n, Inc.*, 2004 S.D. 11, ¶ 14, 675 N.W.2d 222, 226). "Under the de novo standard of review, no deference is given to the circuit court's conclusions of law." *Good Lance v. Black Hills Dialysis, LLC*, 2015 S.D. 83, ¶ 9, 871

N.W.2d 639, 643 (citing *Stehly v. Davison Cnty.*, 2011 S.D. 49, ¶ 7, 802 N.W.2d 897, 899).

[¶7.]     The circuit court determined that it did not have jurisdiction to consider the writ of certiorari because "the petition was presented to [the circuit court] . . . more than 30 days after the Board of Adjustment's *decision*." (Emphasis added.) "The statute [SDCL 11-2-61] clearly provides that the time for appeal begins to run upon the *filing* of the decision." *Hyde*, 2016 S.D. 65, ¶ 6, 886 N.W.2d at 357 (emphasis added). The settled record does not demonstrate that the Board of Adjustment's decision was filed in the "office of the board of adjustment." The Board of Adjustment asserts that the approval of the Board of Adjustment's meeting minutes qualifies as "filing" under the statute. However, neither the record nor the court's findings support this assertion.

[¶8.]     The provisions of SDCL 11-2-52 impose a specific obligation on the board of adjustment to "immediately file[]" its minutes "in the office of the board of adjustment," which " are public records." In *Hyde*, the record established that in Sully County, the planning and zoning office served as the county office of the board of adjustment for filing purposes. *Hyde*, 2016 S.D. 65, ¶ 6, 886 N.W.2d at 357. Here, it is unclear from the record of this case whether there is a similar designated office for filing Clay County Board of Adjustment decisions.

[¶9.]     In Clay County, the county commission serves as the Board of Adjustment. The county auditor is the clerk of the board of county commissioners and "shall keep an accurate record of its official proceedings[.]" SDCL 7-10-1. Consequently, it is logical that the Clay County auditor would perform those same

duties for the county commission when acting as the Board of Adjustment. Still, we cannot state with certainty that the auditor's office also serves as the Board of Adjustment's office. Nor does the record establish if or when the auditor filed the minutes reflecting the Board of Adjustment's decision on Hauck's CUP and whether the minutes are maintained as a public record. Instead, the Clay County Auditor's affidavit only establishes that the Clay County Commission acting as the Board of Adjustment denied Hauck's CUP application and later approved the written minutes of that meeting.

[¶10.] "The court's authority to act in a particular class of cases 'is conferred solely by constitutional or statutory provisions[,]' and it cannot be 'conferred on a court [or] denied to a court by the acts of the parties or the procedures they employ.'" *Huber v. Hanson Cnty. Plan. Comm'n*, 2019 S.D. 64, ¶ 11, 936 N.W.2d 565, 569 (alterations in original) (quoting *Bingham Farms Tr. v. City of Belle Fourche*, 2019 S.D. 50, ¶ 12, 932 N.W.2d 916, 919). Under SDCL 11-2-61, the thirty-day time to file an appeal to the circuit court of a decision by the Board of Adjustment begins to run upon the "filing" of that decision. Because we cannot determine from the settled record whether or when the Board's decision was filed, we cannot determine whether the circuit court had jurisdiction to act in this case. We reverse the circuit court's decision dismissing the petition for writ of certiorari and remand for further proceedings to determine the jurisdictional question of whether Hauck's petition was timely filed.

### 2. Whether a writ of mandamus under SDCL 11-2-35 is an available remedy under the circumstances of this case.

[¶11.] "A writ of mandamus is appropriate only when there is not a plain, speedy, and adequate remedy in the ordinary course of law." *Jensen v. Lincoln Cnty. Bd. of Comm'rs*, 2006 S.D. 61, ¶ 5, 718 N.W.2d 606, 608 (citing *Black Hills Cent. R.R. Co. v. City of Hill City*, 2003 S.D. 152, ¶ 12, 674 N.W.2d 31, 34). This threshold inquiry is a question of law reviewed by this Court under the de novo standard of review. *Springer v. Black*, 520 N.W.2d 77, 79 (S.D. 1994) ("We review questions of law de novo"); *see Jensen*, 2006 S.D. 61, ¶ 5, 718 N.W.2d at 608 ("the threshold question . . . is whether a mandamus action was available to [petitioner]"; we analyzed this question without deference to the circuit court's decision); *Sierra Club v. Clay Cnty. Bd. of Adjustment*, 2021 S.D. 28, ¶ 13, 959 N.W.2d 615, 620 (we gave no deference to a circuit court's analysis of the availability of a writ of mandamus).

[¶12.] We recently addressed this precise issue in *Sierra Club,* where we determined that because "SDCL 11-2-61.1 provided that '[a]ny appeal of a decision relating to the grant or denial of a conditional use permit shall be brought under a petition . . . for a writ of certiorari[,]'" a CUP petitioner cannot "assert a claim for [mandamus] relief under SDCL 11-2-35." 2021 S.D. 28, ¶ 13, 959 N.W.2d at 620–21 (first alteration in original) (emphasis omitted) (quoting SDCL 11-2-61.1, *amended by* 2020 S.D. Sess. Laws ch. 41, § 12).[5]

---

5. The amendments made to SDCL 11-2-61.1 since *Sierra Club* are stylistic.

## Conclusion

[¶13.] We affirm the circuit court's order denying the writ of mandamus. We reverse the circuit court's decision dismissing the petition for writ of certiorari as untimely and remand for further proceedings consistent with this decision.

[¶14.] JENSEN, Chief Justice, and KERN, SALTER, and DEVANEY, Justices, concur.